GREGORIO DI LORENZO, Respondent, *v.* JOHANNA DI LORENZO, Appellant.

*Alimony pending an appeal to the Court of Appeals from a judgment reversing a judgment in favor of the wife — an application therefor is not prevented by a stay on appeal — it is regarded as made before trial.*

Where, in an action brought by a husband against his wife to annul the marriage, the Appellate Division reverses a judgment in the husband's favor and grants a new trial, the stay of proceedings obtained by the husband under section 1310 of the Code of Civil Procedure, by perfecting an appeal to the Court of Appeals, will not prevent the wife from thereafter making a motion for the payment of alimony, as such a motion is not a proceeding enforcing the order or judgment of the Appellate Division.

In such a case the application for alimony is not to be regarded as having been made after final judgment, but as having been made before trial, and the right, in a proper case, to the relief sought, is within the precise provisions of section 1769 of the Code of Civil Procedure.

APPEAL by the defendant, Johanna Di Lorenzo, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of July, 1902, as denies the defendant's motion for alimony *pendente lite.*

The action was brought to annul a marriage between the parties on the ground of fraud.

*Edward Hymes* and *Emanuel M. Friend* [*Michael Schaap* with them on the brief], for the appellant.

*Byron Traver,* for the respondent.

HIRSCHBERG, J.:

The order which is the subject of this appeal grants the defendant's motion for a counsel fee to be paid to her attorney for the purpose of defending the judgment of this court (*Di Lorenzo v. Di Lorenzo,* 71 App. Div. 509) on the appeal therefrom by the plaintiff, now pending in the Court of Appeals, but denies her motion made at the same time for alimony to be paid to her during the pendency of the action, and for past alimony. The action was

brought to procure an annulment of the marriage between the parties, and a judgment in the plaintiff's favor was reversed by the decision referred to, and a new trial was granted. The appeal to the Court of Appeals had been perfected at the time the motion was made, and that fact is urged by the respondent in support of the order appealed from, on the theory that as the perfected appeal to the Court of Appeals operated to stay proceedings to enforce the order of this court (Code Civ. Proc. § 1310), it of necessity operated to stay the judicial acquisition of any right founded thereon.

The motion for alimony is not a proceeding, within the meaning of the Code, enforcing the order or judgment of this court. The order of this court reversed the judgment and granted a new trial. Subject to the right to appeal and the incidental stay of the new trial until the determination of the appeal, the parties are in the same position as they were in before the former trial was had. Their status as husband and wife is meanwhile restored. It was held in *Higgins* v. *Sharp* (164 N. Y. 4) that the power to grant alimony in actions of this character is within the equitable jurisdiction of the Supreme Court, aside from the general regulations of proceedings relating to alimony contained in the Code. And in *McBride* v. *McBride* (119 N. Y. 519) it was held that where the plaintiff, the wife, had recovered a judgment of divorce awarding her alimony, from which judgment an appeal was taken by the defendant to the Court of Appeals and a stay procured, she was, nevertheless, at liberty to obtain a temporary allowance of alimony pending the appeal and until the final determination of the action. Here the application is not to be regarded as made after final judgment, but is to be regarded as made before trial, and the right, in a proper case, to the relief sought is within the precise provisions of section 1769 of the Code of Civil Procedure. The cases cited dispose of the respondent's contention.

On the papers presented the defendant made out a case entitling her to a reasonable allowance by way of alimony. They established her inability to properly support herself unaided, and her husband's ability to pay. Indeed, an order was granted in the first department giving her an allowance of seven dollars per week for alimony in an action previously instituted by her for a separation, and this sum was regularly paid to her by her husband until the decree of

annulment was procured by him. Thereafter her action was discontinued and the payments ceased. The motion now under consideration asks for alimony from that time, but we are of opinion that the claims of equity will be fully answered in view of all the circumstances of the case by an allowance for alimony at the former rate from the time the motion was made, the motion being the first one made in the pending action.

The order, so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion for alimony granted by allowing the sum of ·seven dollars per week from the time the motion was made, with costs.

Goodrich, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion for alimony granted by allowing the sum of seven dollars per week from the time the motion was made, with costs.