THRESIA MARIE JARVIS AND HUSBAND, F. C. JARVIS v.
ZEB R. SOUTHER AND WIFE, MARTHA SOUTHER.

(Filed 4 November, 1959.)

1. Appeal and Error § 22—

An assignment of error that the court erred in the findings of fact and conclusions of law as contained in the judgment is a broadside assignment and does not bring up for review the findings of fact or the sufficiency of the evidence to support them.

2. Appeal and Error § 21—

An appeal from the signing of the judgment constitutes an exception to the judgment, but raises only the questions whether the facts found support the judgment and whether error of law appears on the face of the record.

HIGGINS, J., not sitting.

APPEAL by petitioners from *Gwyn, J.,* at April-May 1959 Civil Term, of WILKES.

Processioning proceeding to establish the true boundary line between certain lands of petitioners and certain lands of respondents described in the pleadings.

Petitioners treating respondents' answer as denial of petitioners' title, applied for order restraining respondents from trespassing upon the disputed area. And addendum to the record brought up on suggestion of diminution thereof discloses that by order entered at April-May Term of Superior Court of Wilkes County, by agreement of counsel for petitioners and counsel for respondents, "jury trial is waived, and the judge shall pass upon the issues of fact; that his findings shall have the same effect as if found by a jury; that where the boundary lines are in dispute, the court shall locate, find and establish said lines according to the contentions of the plaintiffs or according to the contentions of the defendants, or at any intermediate points between the contentions of the parties as the court may find from the evidence to be the true and proper boundary lines between the parties * * * that the court may cause such lines to be laid off on the ground, properly marked by stone, stakes, or other appropriate monuments, giving courses and distances where the court deems proper, render judgments declaring the rights of the parties and cause said judgment to be recorded in the office of the Register of Deeds of the county; * * * that the court may view the premises and consider such other evidence as may be offered or elicited; * * * that the costs may be taxed against the losing party or apportioned between the parties, as the court may deem proper," each of the parties reserving "the right to object to any evidence deemed to be incompetent and to except to any finding of fact, and each preserves the right to appeal to the Supreme Court from any judgment rendered against him."

And the record further discloses judgment entered by presiding judge in accordance with the stipulation of parties, finding the facts, and adjudging the rights of the parties according to the contentions of the respondents and against the contention of the petitioners, and taxing cost as indicated.

The plaintiffs object and except and appeal to Supreme Court, and assign error.

*W. G. Mitchell, McElwee & Ferree for plaintiffs, appellants.*
*Whicker & Whicker for defendants, appellees.*

PER CURIAM: The first assignment of error set forth in the record of case on appeal is that the trial court erred in the finding of fact and conclusions of law as contained in the judgment. This is a broadside assignment, and does not bring up for review the findings of fact or the sufficiency of the evidence to support the findings of fact. Indeed, while the appeal from the signing of the judgment constitutes an exception to the judgment, it raises two questions only (1) do the facts found support the judgment; and (2) does error of law appear upon the face of the record? A reading of the record indicates that the facts found support the judgment, and that error in law does not appear upon the face of the record.

Hence under authority of *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351, the judgment from which appeal is taken is

Affirmed.

HIGGINS, J., not sitting.