IN THE MATTER OF THE CUSTODY OF AMY ELIZABETH ORR, ERIC JAMES ORR, AND WILLIAM EARL ORR, MINOR CHILDREN OF MRS. BARBARA ORR, PETITIONER, AND WILLIAM ORR, RESPONDENT.

(Filed 24 May, 1961.)

**1. Habeas Corpus § 4—**

In *habeas corpus* proceedings to determine the right to custody of minors, the findings of fact of the court are conclusive when supported by competent evidence.

**2. Appeal and Error § 22—**

An exception to the judgment does not challenge the sufficiency of the evidence to support the court's findings of fact, exceptions directed to the specific findings appellant wishes to controvert being necessary for such purpose.

**3. Domicile § 2—**

Evidence that, after their separation, the wife advised friends that she was considering making her home in North Carolina, and that thereafter she returned to this State and definintely decided to make her home in a city of this State, and thereafter resided here, corroborated by affidavits of her friends, is sufficient to support a finding that she had made her domicile here.

**4. Habeas Corpus § 3:   Infants § 8—**

Where a wife, separated from her husband, has made her home in this State and has the minor children of the marriage residing with her here, the courts of this State have jurisdiction of a controversy as to the right of custody of the children, even though the husband is domiciled in another state, the residence of the children here being sufficient to confer jurisdiction upon our courts.

**5. Same:   Judgments § 1—**

Where writ in *habeas corpus* to determine the right of custody of minor children of the marriage is personally served on the nonresident husband, the court issuing the writ has jurisdiction to render an *in personam* judgment against the husband.

**6. Habeas Corpus § 3:   Infants § 8—**

When, at the time of filing petition in *habeas corpus* for the custody of minor children, the petitioning wife is domiciled here and the children are resident in this State, the jurisdiction of the court cannot thereafter be defeated by the wrongful act of the nonresident husband in removing the children from this State in violation of lawful order theretofore issued by the court in the proceeding.

**7. Trial § 4—**

Where, after denial of respondent's motion for continuance, both parties introduced evidence by affidavit without objection by either, and it appears that the evidence presented was adequate for the adjudication of the controversy, and there is nothing in the record to show that either party was deprived of adequate opportunity of presenting any evidence

which he might wish to offer, the record fails to show that the refusal of the motion for continuance was arbitrary, and the discretionary refusal of the motion will not be disturbed.

APPEAL by William Orr, respondent, from *Preyer, J.,* in Chambers at GREENSBORO on September 30, 1960.

On 24 August 1960 Barbara Orr, petitioner, filed with the Superior Court of Guilford County a petition for writ of *habeas corpus* to determine the right to custody of the minors named in the caption.

The allegations of the petition summarily stated are: Petitioner and William Orr, respondent, were married in April 1949. They separated in February 1960 and have, since that date, lived separate and apart. The infants Amy Elizabeth, Eric James, and William Earl are children of the marriage. Petitioner has her residence in Greensboro. Respondent is a resident of Orlando, Florida. The children of the marriage are actually in Greensboro, living with petitioner, and domiciled in North Carolina. Respondent has threatened to forcibly take the children from the custody of petitioner and carry them to Florida. Petitioner is a proper and suitable person to have custody of the children. Respondent is emotionally disturbed and unstable, erratic, improvident, unfit, unable, or unwilling to give said minors proper care, and he is not a fit person to have their custody.

Based on the allegations of the verified petition, Judge Gwyn, on 24 August 1960, issued a writ directed to the sheriff of Guilford County commanding him to summon the respondent to appear before Judge Preyer in Greensboro on 24 September 1960 to show cause if any he had why the court should not decide the question of custody of the infants and make such orders with respect thereto as might seem just and proper. He further ordered: "That pending hearing and final determination of this proceeding, said minor children shall remain in the custody of petitioner within the State of North Carolina, and that said William Orr, respondent, shall not remove or cause said minor children to be removed from the jurisdiction of this Court." This writ was personally served on respondent by the sheriff of Guilford County on 27 August 1960. Because of another engagement, Judge Preyer postponed the hearing from 24 September, as fixed by Judge Gwyn, to 30 September 1960.

At the time fixed by Judge Preyer respondent entered a special appearance and moved to dismiss. As a basis for his motion he asserted (1) that he, his wife, and the children were all residents of Florida, (2) the infants Eric James and William Earl were then in Florida, (3) that petitioner and the oldest child, Amy Elizabeth, had only temporary residence in this State. That motion was denied. Respon-

dent excepted. He thereupon moved for a continuance. That motion was denied. He excepted. He then filed an answer. He denied that petitioner was a resident of Greensboro or domiciled in North Carolian or that the two youngest children were in fact in North Carolina. He admitted that he was a resident citizen of Florida. He did not deny the marriage. He denied that petitioner was a fit or suitable person to have custody of the children, asserted that he was the proper person entitled to the custody, and their best interest and welfare would be served by awarding custody to him.

The court heard evidence offered by the parties in support of their respective contentions. Based on the evidence offered it found facts summarily stated or quoted as follows:

Petitioner, domiciled in North Carolina, had custody and control of the infants at the time she made the application for the writ of *habeas corpus* and had had such control since she and respondent separated in February 1960. The infant Amy Elizabeth was present at the hearing. The writ issued by Judge Gwyn was lawfully and personally served on respondent in Guilford County on 27 August 1960.

"That on August 28, 1960, the respondent, in violation of the provisions of the writ of habeas corpus served upon him, and with the assistance of his brother, Donald Orr, forcibly abducted the children Eric James Orr and William Earl Orr from the custody of the petitioner and without her consent, and took them outside the State of North Carolina, and that they have not been returned to the custody of the petitioner."

Petitioner and respondent were married in 1949 but have been living separate and apart since February 1960 when respondent left petitioner. Respondent is "emotionally disturbed and unstable, erratic, improvident, and unfit to care for minor children."

"That the ages of the minor children whose custody is at issue in this action are: Amy Elizabeth Orr, daughter, 6½ years; Eric James Orr, son, 5 years; and William Earl Orr, son, 1½ years;

"That Mrs. Barbara Orr, mother of these children, is a person of good character and habits who has a deep and sincere affection for her children; that said children are of an age to require their mother's care, love and affection; that petitioner is in a position to provide such care;

"That it will be to the best interest of said children if they are placed in the care and custody of Mrs. Barbara Orr, petitioner herein."

Based on its findings the court awarded custody of all three of the minors to petitioner. It directed respondent "to return the children, Eric J. Orr and William Earl Orr to the custody of petitioner within ten days next following the date of· this order," and enjoined

and restrained respondent from interfering with the custody of the minors awarded petitioner. Respondent was directed to pay petitioner $100 per month "for the maintenance and support of said minor children."

Defendant did not appear at the hearing but was represented by counsel and offered evidence to support his contentions. He excepted to the judgment and appealed.

*Wharton, Ivey & Wharton for petitioner appellee.*
*J. F. Motsinger for respondent appellant.*

RODMAN, J.  Respondent assigns three errors, namely: (1) the refusal of the court to dismiss the action in accordance with his motion made on his special appearance; (2) the refusal of the court to continue the hearing and make further investigation with respect to the fitness of petitioner and respondent to have custody of the children; (3) signing the judgment awarding custody of the children to petitioner.

Respondent does not challenge by exception any of the findings of fact made by the court. Findings of fact made in the custody proceeding, when supported by competent evidence, are conclusive on appeal. *In re Gibbons,* 245 N.C. 24, 95 S.E. 2d 85. Findings cannot be challenged because not supported by competent evidence by a mere exception to the judgment. The exception must be directed to the specific finding which the complaining party contends is not supported by competent evidence. *Rubber Co. v. Crawford,* 253 N.C. 100, 116 S.E. 2d 491; *Jarvis v. Souther,* 251 N.C. 170, 110 S.E. 2d 867; *Columbus County v. Thompson,* 249 N.C. 607, 107 S.E. 2d 302; *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421.

Notwithstanding our procedural rules noted above, we have, because of the challenge to the jurisdiction of the court and the propriety of exercising such jurisdiction, examined the evidence on which Judge Preyer made his findings.

Petitioner is explicit in her statement that she considered making her home in North Carolina as early as July 1960. She and the children visited Dr. Greenfield, an assistant professor of sociology at Woman's College, and his wife on the way from Florida to Indiana on a visit to petitioner's parent. Petitioner informed her friends, the Greenfields, of her plans. Upon completion of the visit to her parents, she returned to Greensboro and early in August 1960 definitely decided to make that her home. She secured employment there and secured a place where she and the children made their home. Her testimony relating

to the establishment of her residence and domicile in Greensboro is supported by the affidavits of Dr. and Mrs. Greenfield.

That the children were living with petitioner when she asked the court to take jurisdiction is conceded. Their presence in North Carolina was not casual and temporary. There were both abode and intent to make Greensboro a permanent home. That sufficed to vest the court with jurisdiction. *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744; *Hoskins v. Currin,* 242 N.C. 432, 88 S.E. 2d 228; *Gafford v Phelps,* 235 N.C. 218, 69 S.E. 2d 313; *Finlay v. Finlay* (N.Y.) 148 N.E. 624, 40 A.L.R. 937; *Rogers v. Commonwealth* (Va.) 11 S.E. 2d 584.

The Supreme Court of Florida has declared the law in this language: "The law is and has been from time immemorial that each state is not only empowered, but is charged with the duty, to regulate the custody of infants within its borders. This is true even though the parents may be residents of another state. (Citations) For this, the residence of the child suffices, though the domicile be elsewhere." *Di Giorgio v. Di Giorgio,* 13 So. 2d 596. The Superior Court of Guilford County had jurisdiction to pass on the question of custody, and the facts warranted the exercise of its jurisdiction.

Personal service of the writ on respondent in Guilford County is established by the officer's return and is not challenged by respondent. This gave the court the right to enter an *in personam* judgment against respondent, enforceable by appropriate process whenever he might be found within the jurisdiction of the court.

The court's power to act and award custody of the oldest child cannot be doubted.

The finding that respondent, in disregard of Judge Gwyn's order, had, by force, removed the two youngest children from petitioner's custody and taken them out of the State is established by the affidavit of respondent's brother, an accomplice in the attempt to thwart the jurisdiction of the court and contemptuously disregard its lawful orders. This affidavit was part of respondent's evidence. The brother was, by his admission, charged and convicted of a criminal assault for his part in forcibly taking the children from the custody of petitioner.

Respondent contends his flagrant violation of the lawful order of the court not to remove the children from its jurisdiction deprived the court of the right to hear and determine what would best promote the welfare of those children. The contention is wanting in merit. The right to hear and decide came into being the instant the writ was served on respondent. He could not thereafter deprive the court of the jurisdiction so acquired. *Kinross-Wright v. Kinross-Wright,* 248 N.C. 1, 102 S.E. 2d 469; *Maloney v. Maloney,* 154 P. 2d 426; *Vaughan v.*

*Vaughan,* 100 So. 2d 1; *Brown v. Cook,* 260 P. 2d 544; *Onderdonk v. Onderdonk,* 88 N.W. 2d 323; *Clemens v. Kinsley,* 239 P. 2d 266; *Barnes v. Rogers,* 41 So. 2d 58; *Boardman v. Boardman,* 62 A. 2d 521, 13 A.L.R. 2d 295; *Miller v. Miller,* 46 N.W. 2d 618; *Griffin v. Harmon,* 132 S.E. 108; 21 C.J.S. 144.

The court correctly declined to dismiss the action on respondent's special appearance and motion based on the assertion that the court did not have jurisdiction.

Without objection the matters in controversy were heard on affidavits. Respondent submitted for the court's consideration his own affidavit, the affidavit of his brother, his mother, and another in support of his claims. Petitioner likewise submitted affidavits. There is nothing to indicate that respondent was deprived of adequate opportunity of presenting any evidence which he might wish to offer. The evidence presented to the court was adequate for it to determine the question of jurisdiction and what was for the best interest of the parties. Notwithstanding the assertion that the refusal of the court to continue was arbitrary, we find nothing to support the assertion. The error assigned in refusing to continue is without merit.

For practical purposes the only fact in controversy was: Will the welfare of the children be best served by awarding custody to petitioner or respondent? Each of the parents asserted the unfitness and inability of the other to properly care for the minors. The court, on ample evidence, resolved this question of fact in favor of petitioner.

Finally, respondent inquires how the decree, insofar as it relates to the two youngest children, can be enforced. A sufficient answer is: That question is not now before us.

If it be that respondent is beyond the jurisdiction and hence the power of this Court to enforce orders lawfully made, courts do exist where respondent resides with adequate power to compel respect and obedience to lawful orders of a court having jurisdiction of the parties and subject matter.

We find

No error.