ARTHUR JULIUS WILBURN v.
YETTA ELIZA JACKSON RAGBIR WILBURN.

(Filed 18 September 1963.)

**1. Trial § 3—**

Continuances are not favored, and the denial of a motion for continuance will not be disturbed in the absence of a showing of abuse of discretion.

**2. Same—**

Evidence that the case was set for a specified date for the convenience of the parties, that upon defendant's motion it was continued to a later specified date, and that upon the later date defendant moved for a continuance based upon a physician's written statement, dated some twelve days prior to the hearing, that defendant was suffering from a virus, without more, *is held* insufficient to show abuse of discretion in the denial of defendant's second motion for continuance.

**3. Abatement and Revival § 3—**

The pendency of an action between the parties in another jurisdiction is not grounds for abatement of an action instituted in this jurisdiction.

**4. Same—**

Plea in abatement cannot be sustained merely upon a showing of the filing of complaint in a prior action when there is no proof of service of process or that process had ever been issued therein.

**5. Domicile § 1—**

The fact that a party's work requires extensive travel, preventing him from remaining constantly in the State, does not deprive him of his right to establish his residence here.

APPEAL by defendant from *Martin, S.J.*, June 1963 Session of BUNCOMBE.

This action was begun in the General County Court of Buncombe on 4 September 1962 to obtain a divorce. The complaint alleged plaintiff was and had been a resident of the state for more than six months prior to the institution of the action, that the parties married

1 March 1946, separated 1 September 1960, and had since the latter date lived separate and apart.

Defendant, asserting that she was a resident of Washington, D. C., sought and obtained an extension of time in which to answer. Her answer, verified 26 November 1962, denied plaintiff's allegations of residence and separation. As an additional defense she pleaded the pendency of an action for divorce instituted by her in the courts of Maryland, the state of her residence, in bar of plaintiff's right to maintain an action for divorce in North Carolina.

The case was, on motion of plaintiff peremptorily set for trial on 26 February 1963. Plaintiff assigned two reasons for requesting a specific date for the trial: (a) he was an employee of the United States Government, required in the performance of his duty to travel extensively, and (b) defendant's counsel, nonresidents of Buncombe County, would be convenienced by fixing a specific date for trial. The motion was allowed, and on 7 January counsel for defendant were notified the case would be tried on 26 February 1963.

Neither defendant nor her counsel appeared at the time fixed for trial. Counsel for defendant, some time after court convened, communicated with the court and requested a continuance. This motion was allowed over plaintiff's protest. The cause was then peremptorily set for trial at 9:30 a.m. on 5 March 1963. Defendant's counsel were promptly notified of the continuance and the time fixed for trial.

On 5 March 1963 counsel for defendant again moved for a continuance, basing the motion on a writing dated 21 February 1963 purporting to be from a Washington, D. C., physician that defendant was suffering from a virus infection and in his opinion was unable to travel out of Washington. The writing made no further explanation of defendant's condition. Plaintiff had obtained a leave from the government which expired at 5:00 p.m. on 5 March. The court refused to grant defendant's request for a further continuance but proceeded with the trial. Appropriate issues were submitted and answered in accord with plaintiff's allegations.

Defendant appealed to the Superior Court on errors assigned. Judge Martin overruled each of defendant's assignments of error.

*George Pennell and Dailey & Harrell by Ruben J. Dailey for plaintiff appellee.*

*George L. Bumpass, Nathaniel L. Belcher, and Floyd H. Brown for defendant appellant.*

PER CURIAM. Defendant assigns as error the court's refusal to grant her request for a continuance made on 5 March. Continuances are not favored. The granting or denial of a motion to continue is a matter in the sound discretion of the trial judge and will not be disturbed unless an abuse of discretion is made to appear. *Cleeland v. Cleeland,* 249 N.C. 16, 105 S.E. 2d 114; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1.

The facts appearing in the record, summarized in the foregoing statement, do not show an abuse of discretion. To the contrary, they indicate the court's desire to afford defendant full opportunity to present her defenses. The assignment of error cannot be sustained.

Defendant assigns as error the court's refusal to dismiss plaintiff's action for that she had previously instituted an action for absolute divorce in the courts of Maryland. To sustain a plea in abatement based on the pendency of a prior action, it must appear that the two actions are pending in the same jurisdiction. The plea cannot be sustained when the other action is pending in the courts of another state. *Sloan v. McDowell,* 75 N.C. 29; *Hubbs v. Nichols,* 298 S.W. 2d 801. Were the rule otherwise, defendant's plea could not be sustained because of her failure to show the pendency of the action in Maryland. Her proof consisted of an uncertified copy of the complaint filed by her in the Maryland courts. No process had ever been served on defendant, and, so far as appears, no process had ever issued. Proof only of the filing of a complaint is not sufficient to show the pendency of any action.

Defendant assigned as error the refusal to allow her motion to nonsuit. The exception is based on her contention that plaintiff's work prevented him from becoming a resident of this state. The mere fact that plaintiff's work with the United States Government required extensive travel, preventing him from remaining constantly in the state, did not deprive him of the right to establish his residence in North Carolina. *In re Orr,* 254 N.C. 723, 119 S.E. 2d 880; *Martin v. Martin,* 253 N.C. 704, 118 S.E. 2d 29.

No error.