Richard B. CLAYTON, Appellant,

v.

Doris H. CLAYTON, Appellee.

No. 3560.

District of Columbia Court of Appeals.

Argued Oct. 26, 1964.

Decided Feb. 8, 1965.

Henry Lincoln Johnson, Jr., Washington, D. C., for appellant.

Ruth E. Hankins, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This action was brought by a husband, domiciled in the District of Columbia, for an absolute divorce from his wife, domiciled in the State of Virginia, on the ground of desertion. The wife counterclaimed for a divorce on the ground of constructive desertion, for custody of their two minor children, and for maintenance for herself and the children. The trial court denied a divorce to either party, but awarded custody of the children to the wife, and ordered that the husband pay $200 a month to the wife for maintenance for herself and the children.

■ The husband has appealed. He does not question the correctness of the denial of a divorce, but addresses his argument to the order for custody and maintenance. His argument appears to be based upon pendency of a Virginia court order. Although barely mentioned in the course of the trial, it appears from papers filed here after the appeal was noted, and from concessions of both parties, that after the wife and children left the District of Columbia and went to live in Virginia, a proceeding was instituted in the Surry County Court which resulted in an order requiring the husband to make monthly payments of $150 through that court. The Virginia proceeding was apparently under Virginia Code 1950, Chap. 5, § 20–61 et seq., and it is not clear whether the $150 monthly payments were for the support of the children or for both them and the wife. For reasons not apparent, both parties seem to have studiously avoided making known to the trial court the details of the Virginia order or even its continued existence. But since it appears that the Virginia order does exist and that the husband has been complying with it, we must consider its effect on the order entered in the District of Columbia proceeding.

We think it is obvious that the District of Columbia Court did not intend that appellant pay $200 monthly in addition to the $150 monthly payment ordered by the Virginia court; but the District of Columbia order did not purport to vacate or supersede the Virginia order. The result is that appellant is under an order of the Virginia court to make monthly payments through that court of $150, and is also under an order of the District of Columbia court to make through that court monthly payments of $200.

Under the circumstances disclosed, the case will be remanded to the trial court in order that it may ascertain fully and completely the details of the Virginia proceeding. If it is found that a Virginia court, with jurisdiction over the husband, wife and children, has made an order for the support and maintenance of the wife and children, or for the children alone, the trial court shall vacate and set aside its order for custody and for support and maintenance.

■ Assuming that both the Virginia court and the District of Columbia court had jurisdiction to make an award for maintenance, the Virginia court first acquired jurisdiction, and "in the interest of avoiding a possible unseemly conflict between courts of concurrent jurisdiction," [1] the District of Columbia court should stay its hand and defer to the Virginia court. If the wife feels that the award by the Virginia court is now inadequate, she is free to apply to that court for an increase. The wife and children live in Virginia and a court in the community in which they live is probably better qualified to determine the amount of their needs.

■ If the Virginia court has undertaken to guard the welfare of the children by an order for their support there is no occasion for the District of Columbia court to enter a custody order even though the Virginia court has not formally adjudicated the question. It appears that the mother has had actual custody for a number of years and the husband does not question her right to custody.

■ If it shall be found that the Virginia order provides support for the children alone, the trial court may, upon proper showing, enter an order for maintenance for the wife alone.

Remanded for further proceedings in accordance with this opinion.

1. Brown v. Stevens, D.C.Cir., 331 F.2d 803, 805 (1964).