**Yetta R. WILBURN, Appellant,**

v.

**Arthur Julius WILBURN, Appellee.**

No. 3671.

District of Columbia Court of Appeals.

Argued March 29, 1965.

Decided June 2, 1965.

Belford V. Lawson, Jr., Washington, D. C., with whom Donald J. Chaikin, Washington, D. C., was on the brief, for appellant.

James S. Brocard, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On February 16, 1961, appellant was granted maintenance *pendente lite* in the amount of $150 per month in the Domestic Relations Branch of the trial court. These payments were made by appellee through December 15, 1962, at which time appellant's action for custody and maintenance was dismissed by the trial court on the ground of *forum non conveniens* after a full hearing on the merits. We reversed and remanded on July 22, 1963, for findings of fact and conclusions of law. Wilburn v. Wilburn, D.C.App., 192 A.2d 797 (1963). Before the court entered such findings·and conclusions, the husband filed a motion for rehearing or for a new trial in order to present new evidence. The motion was granted and a hearing held to resolve the issues, *inter alia,* of res judicata and of full faith and credit due a divorce granted the husband in North Carolina on March 6, 1963.[1] On November 23, 1964, the trial court here concluded that the North Carolina decrees awarding the husband a divorce and custody of the minor son were res judicata and entitled to full faith and credit, dismissed that part of the wife's complaint which sought custody of the son, and granted her judgment for accrued installments of maintenance only to the date when the North Carolina divorce became final. The wife brought this appeal. She principally contends that the trial court erred in ruling that the North Carolina divorce and custody decrees were res judicata and entitled to full faith and credit in the District of Columbia.

## I  THE NORTH CAROLINA CUSTODY AWARD

The record discloses that the husband on December 8, 1960, before service of notice of the wife's suit in this jurisdiction for maintenance and custody, filed his custody action in North Carolina where he and the minor son were then residing. The wife received notice of these proceedings, retained North Carolina counsel, entered a general appearance and obtained a continuance. On February 9, 1961, the North Carolina court awarded custody of the minor son to the husband.

It is well settled in this jurisdiction that a custody decree of another state is res judicata as to the question of custody at the time the decree is rendered. Unless a showing is subsequently made that circumstances and conditions have so changed that the best interests of the minor child would be better served by amending the custodial order, the original order will not be disturbed. Webb v. Daiger, D.C.Mun. App., 173 A.2d 920 (1961); Dawn v. Dawn, 90 U.S.App.D.C. 226, 194 F.2d 895 (1952).

In the present case it was uncontradicted that both parents and the minor child were subject to the jurisdiction of the North Carolina court when the award of custody was made there. The trial court here specifically found that there had been no proof of a change in circumstances since the North Carolina award of custody to justify any change here and dismissed the wife's claim for custody. We hold that the evidence supports this denial of a change of custody to her.

## II  THE NORTH CAROLINA DIVORCE

In attacking the validity of the North Carolina divorce decree, the wife relies on

---

1. Affirmed by the Supreme Court of North Carolina, Wilburn v. Wilburn, 260 N.C. 208, 209, 132 S.E.2d 332 (1963).

a line of cases culminating in the Williams v. State of North Carolina actions, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942) and 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). She argues that the trial court here could re-examine the challenged jurisdiction of the North Carolina court over both the subject matter and the parties. This exact point was discussed by the United States Supreme Court in Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963):

> "[W]hile it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit —even as to questions of jurisdiction— when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."

█ If both husband and wife participated in the foreign proceedings and the jurisdictional issue of residence was fully and fairly tried, then the District of Columbia courts are required to give full faith and credit to a decree of absolute divorce rendered in the foreign jurisdiction. Wolf v. Wolf, D.C.Mun.App., 162 A.2d 776, 777 (1960); Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938).

█ The record before us is clear that the issue of the husband's North Carolina domicile was fully litigated in North Carolina when the issue was submitted, in accordance with North Carolina practice, to a jury, which returned a finding that he was a citizen and resident of that state for the requisite period. The trial court here therefore did not err in holding that the issues were resolved in the North Carolina proceedings and that under the full faith and credit doctrine were res judicata here, precluding further inquiry. As the divorce decree, rendered after a complete trial wherein the wife personally participated, provided no alimony for her support, she was not entitled to further separate maintenance beyond the date when the North Carolina decree became final and the parties no longer held a husband and wife relationship.

Other alleged errors have been considered and are found to be without merit.

Affirmed.