Douglas Paul HALO, Appellant,

v.

Cornelia Gonzales HALO, Appellee.

No. 5494.

District of Columbia Court of Appeals.

Argued Feb. 16, 1971.

Decided March 31, 1971.

**544**

———◆———

Joseph Reymann, Jr., Arlington, Va., for appellant.

S. Michael Pincus, Silver Spring, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

KERN, Associate Judge:

The parties were married in the District of Columbia in 1961 and moved to Maryland in 1962. In 1967, appellant left appellee and their only child and returned to the District of Columbia where he filed for divorce. Before his suit could be heard by the District of Columbia Court of General Sessions appellant had moved to Virginia where he presently resides. In September 1969, appellant's action was tried by the General Sessions Court which denied his complaint for divorce, awarded custody of their child to appellee, and ordered appellant to pay her $215 each month for the child's support.

In December 1969, appellant brought suit for divorce in the Arlington County Circuit Court on the ground of two years' separation without cohabitation.[1] After a trial in which appellee participated with her counsel, appellant was granted a divorce, but appellee was awarded custody of their child and $25 a week for child support.[2]

In August 1970, appellee, who still resides with the child in Maryland, returned to the District of Columbia Court of General Sessions and sought to have appellant held in contempt for failure to make payments pursuant to that court's 1969 child support order. Appellant defended on the ground that such order had been superseded by the Virginia court's 1970 divorce decree, with which he was fully complying. At the same time, appellant moved the District of Columbia trial court to vacate its order, which motion was denied. Appellant was held in contempt, but execution thereon was stayed upon condition that he pay a part of his arrearage under the District of Columbia order.

■ Appellant argues that the trial court erred in failing to deny appellee's contempt motion. We agree. Once both parties submitted to the jurisdiction of the Virginia court and litigated the issues of divorce, custody, and child support there we think it was proper for the District of Columbia court to "stay its hand and defer to the Virginia court." Clayton v. Clayton, D.C.App., 206 A.2d 735, 736 (1965). After all, neither of the parties now resides in the District of Columbia or ever have resided here for any appreciable time. The Virginia court, in whose jurisdiction appellant resides,[3] has most recently explored the circumstances bearing on the issue of child support, has already increased the amount of support once and appears to be in the best position to take cognizance and act upon further changes in the parties' circumstances. We see no reason under these circumstances why our court

1. Virginia Code § 20–91(9) (Supp. 1970).

2. The amount of support was increased by the court to $30 per week in December 1970.

3. He has remarried.

should seek to exercise jurisdiction in the instant case.

Appellee contends that the Virginia court was obliged to give full faith and credit to the District of Columbia court's support order because it was first in time, but, since the District of Columbia court could have modified its original order upon a proper showing of changed circumstances, Wilburn v. Wilburn, D.C.App., 210 A. 2d 832, 833 (1965); Rhodes v. Gilpin, D. C.App., 264 A.2d 497, 500 (1970), so, too, may the Virginia court upon obtaining jurisdiction, and after proper showing, change the amount of support. Lopez v. Avery, 66 So.2d 689, 693 (Fla.1953); Setzer v. Setzer, 29 N.W.2d 62, 63 (Wis.1947).

The trial court should have vacated its September 1969 support order, except as to that payment it required for the month of July 1970, which antedated the Virginia divorce decree and which appellant did not fully make. The order of contempt stands reversed, except insofar as it requires appellant to pay the balance of support he owes for July 1970 pursuant to the trial court's order of September 1969.

So ordered.