Mobbie Slifkib, J.
Defendant pursuant to CPLR 5519 (subd. [a]) moves for an order granting a stay of enforcement of an order of this court dated June 23, 1972 and a judgment of this court dated August 3, 1972, requesting that the court fix the amount of an appropriate undertaking to be executed and filed by defendant. Plaintiff opposes and -cross-moves pursuant to section 243 of the Domestic Relations Law for an order -of sequestration of the assets of defendant based upon his claimed willful noneompliance with the terms of the aforesaid order and judgment.
The motion and cross motion are disposed of as hereinafter set forth.
Plaintiff’s motion is denied. CPLR 5519 (subd. [a]) contains seven paragraphs. A review of the facts set forth in the moving papers of defendant would indicate that paragraphs 2 and 3 may apply to the instant motion. Paragraph 2 relates to a judgment or order which directs the payment of a sum of money. Paragraph 3 relates to a judgment which directs the payment of a sum of money to be paid in fixed installments. It is the determination of the court that the statutory language refers to a judgment directing the payment of' a fixed and ascertained number of dollars. The payment of alimony and support is not fixed -or ascertainable, for the reasons hereinafter set forth, and does not fall under either category of the paragraphs above referred to.
Although it may be argued that the award of permanent alimony and support directs the payment of a sum of money, a consideration of the nature and purpose of alimony and support quickly rebuts the possibility of that degree of certainty which these paragraphs require. Alimony is a direction by the court requiring the periodic payment of sums of money required for the support of a wife, said payments to extend for an indeterminate period, the termination of which would be fixed by the death or remarriage of the wife or the death of the husband. Support is the periodic payment of sums of money for the support of a child running for an indeterminate period which is terminated by the child attaining its majority or upon the earlier *710 death or emancipation under law of the child. Hypothetically, it is possible to ascertain the life expectancy of the wife and the child, but the other factors which .govern the period of payment above referred to are impossible of ascertainment with any degree of certainty. Further, it is to be borne in mind that, pursuant to section 236 of the Domestic Relations Law, the court has reserved to it the power to modify upward or downward or to annul any order or judgment theretofore entered directing the payment of alimony or support. To urge that the purpose of the undertaking would be to limit the stay to the time period required for the ultimate termination of the appeal is again to deal in area of chronological and financial uncertainty, bearing in mind the possible relief which may be extended to either party by an appellate court.
The foregoing determination is supported by a finding that the provisions of CPLR 5519 (subd. [a], pars. 2 and 3) do not apply to the terms of an order requiring the payment of temporary alimony (Finkelstein v. Finkelstein, 286 App. Div. 965).
In any event, if the court were to find the foregoing paragraphs applicable to the facts at bar, the court nevertheless must direct, although the terms of the judgment and order be stayed, that the defendant would be directed to pay a temporary alimony and support pending the ultimate determination of all appeals taken by the parties. (McBride v. McBride, 119 N. Y. 519; Haddock v. Haddock, 109 App. Div. 502; Di Lorenzo v. Di Lorenzo, 78 App. Div. 577.)
In considering the amount of such temporary alimony, the court would be required to consider the facts set forth in the affidavits on the motion which eventuated in the order of June 23, 1972 and the transcript of the testimony taken during the trial which resulted in the decision dated July 10, 1972, and the judgment of this court made and entered August 3, 1972. For the purpose of this decision, these facts briefly summarized, point out that the plaintiff, after 22 years of marriage to the defendant, emerged from that relationship with no stocks, no bonds, no bank accounts, no interest in real property and no personal property except the furniture and furnishings awarded to the plaintiff by the order of this court, and literally only with the clothing on the back of plaintiff and on the back of the infant daughter of the parties.
In view of these facts, the intent and the purpose of the order of June 23, 1972 becomes apparent. Defendant had repeatedly insisted that plaintiff be compelled to vacate the marital home, title to which was exclusively in the name of defendant. That *711 order required that defendant provide to the plaintiff those funds immediately required to permit her to move from the matrimonial home, to permit plaintiff to execute a lease for the apartment to be occupied by plaintiff and the daughter of the parties, and to furnish the new home with adequate furniture and furnishings reflecting the type of home and standard of living maintained by the parties during their marital life. The decision of the court upon which the judgment of August 3, 1972 was based, reflects a realistic consideration of a dollar flow to be received by the plaintiff after making an appropriate allowance for income taxes, required to meet the needs of plaintiff and the daughter of the parties as well as the shelter required for both of them.
In this view, it would be impossible for the court to reinstate the temporary support fixed by the order of this court dated March 18, 1971. That order reflected the fact that at that time plaintiff and the daughter of the parties resided and continued to reside in the marital home of the plaintiff and the defendant. That fact has now been irrevocably altered and plaintiff is now compelled, at the insistence of defendant and as directed by the judgment, to live apart from defendant in her own apartment. The court reasserts its finding that the dollar flow required to be paid by defendant to plaintiff for alimony and support must be at the sum of $195 per week. To reduce that amount would jeopardize, if not destroy, the ability of plaintiff to maintain herself and her daughter in her present home. Particularly is this true in view of the testimony at the trial that plaintiff had no special vocational training or experience and was unable to contribute in a meaningful way to the support of herself and her daughter. Under these circumstances, the court would direct that the temporary alimony be paid during the determination of these appeals at the rate of $195 per week.
If the instant application on behalf of defendant is to be considered to lie under CPLR 5519 (subd. [c]), its determination is addressed to the discretion of the court. In the exercise of that discretion, defendant’s application must be denied. Although defendant husband may not recover an overpayment of alimony or support by way of restitution or recoupment after a reduction of alimony and support on appeal (Griffin v. Griffin, 219 App. Div. 370; Matthews v. Matthews, 210 App. Div. 652, affd. 240 N. Y. 28; Averett v. Averett, 110 Misc. 584), nevertheless, the court, in view of all of the facts and conclusions hereinabove set forth, is convinced that as between the loss *712 which may be occasioned to defendant in the event of a possible reduction of alimony and support after appeal as opposed to the financial jeopardy which would attach to plaintiff and her ability to maintain herself and the child of the parties, the risk of loss under these circumstances is to be borne by the defendant. In view of the income and means of the defendant as opposed to the lack of capacity on the part of the wife to make a meaningful contribution to her support and support of the child of the parties, the court, exercising its discretion is compelled to deny defendant’s application.
Plaintiff’s motion seeks an order of sequestration of defendant’s assets pursuant to section 243 of the Domestic Relations Law and for an award of counsel fees and expenses in connection with this proceeding as well as to defend against the appeals taken by defendant to the Appellate Division pursuant to sections 237 and 238 of the Domestic Relations Law.
The application for an order of sequestration must be considered in connection with the provisions of section 243 of the Domestic Relations Law. That section reads in part as follows: ‘ Where a judgment rendered * * * in an action in this state for divorce * * * requires a husband to provide for the education or maintenance of any of the children of the marriage, or for the support of his wife, the court, in its discretion, also may direct him to give reasonable security, in such a manner and within such a time as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose.” (emphasis added). The judgment Antered on August 3, 1972 directed that permanent alimony and support be paid by defendant to the plaintiff in the sum of $195 per week, said payments to commence effective as of the 10th day of July, 1972. Since the effective date of the judgment, the defendant has not paid the amount ordered but, as of the return date of this motion, has paid the sum of $100 per week with arrears thereon at the return date of this motion in the sum of $950 for alimony and support. In disposing of plaintiff’s cross motion, the court concerns itself only with the period following the date of judgment. The court is not concerned with the defendant’s purported compliance with the terms of the temporary order of support entered by this court on March 18, 1971. The court finds that the refusal of defendant to pay in full the sums directed by the court represented the willful determination and conclusion of the defendant not to comply with the directions of the court.
Plaintiff’s cross motion under section 243 of the Domestic Relations Law is granted to the extent hereinafter set forth. *713 Defendant is directed to pay to the plaintiff within 30 days after service upon defendant’s attorney of a copy of the order to he entered herein with notice of entry, all arrears owing as of that date, said amount to be set forth in the order, and defendant is further directed to file an undertaking or bond or deposit cash in the amount of $25,000 to secure the future payment of the alimony and support directed to be paid by the said decree, said filing or deposit to be completed within the aforesaid 30-day period. (See Franklin v. Franklin, 26 A D 2d 941.) The failure to pay the said arrears of alimony and support and to file the undertaking or deposit the cash as above directed will result in the granting of an ex parte order of sequestration based upon the affidavits of plaintiff and her attorney certifying as to the noncompliance by defendant with the terms of the order to be entered.
The balance of the items which the defendant had been ordered to pay and concerning which plaintiff complains are not within the purview or scope of section 243 of the Domestic Relations Law and therefore do not provide a basis for relief in the instant cross motion.
With relation to the application and cross motion for an order granting an allowance to the attorney for the plaintiff pursuant to sections 237 and 238 of the Domestic Relations Law, the court awards to said attorney the sum of $250 for his services rendered in connection with the instant motion and cross motion, said sum to be paid within 10 days after service upon defendant’s attorney of a copy of the order to be entered herein with notice of entry.
For services to be rendered on behalf of plaintiff in the defense of the appeal taken by i defendant from the order and from the judgment of this court, the attorney for the plaintiff is awarded the sum of $750, said sum to be paid to the plaintiff within 10 days after the service upon defendant or his attorney of a copy of the order to be entered with notice of entry, with leave to apply to the court for an additional allowance after the appeal has been argued and submitted to the Appellate Division. Further, defendant is to pay forthwith upon the presentation to him through his attorney of all disbursements required to be made by plaintiff including, but not limited to, the cost of printing and similar disbursements.
Settle order on notice.