**JOAN GREENE**, Respondent, v. **THEODORE R. GREENE**, Appellant.— In an action in which a judgment of the Supreme Court, Westchester County, was entered on August 3, 1972, after a nonjury trial, *inter alia,* granting plaintiff a divorce, alimony, child support and an additional counsel fee, defendant appeals (1) from the entire judgment, except the provisions granting the divorce and child custody to plaintiff, (2) from so much of a prejudgment order of the same court, dated June 23, 1972, as (a) awarded plaintiff the use and possession of, and the right to remove, itemized furniture, furnishings and personal property then in the marital home and (b) directed defendant to pay $490 as security for plaintiff's apartment rent and to pay plaintiff's moving expense up to $450; and (3) from a postjudgment order of the same court, dated October 16, 1972, which (a) denied defendant's motion to fix the amount of an undertaking to be given by him to stay enforcement of the judgment pending appeal therefrom and (b) granted plaintiff's cross motion for sequestration (to a limited extent) and for additional counsel fees. Judgment and order, dated June 23, 1972, affirmed insofar as appealed from, without costs. No opinion. Order dated October 16, 1972 modified, on the law and the facts, by striking therefrom subdivisions (b) and (c) of the second ordering paragraph, which subdivisions directed defendant to give an undertaking or cash of $25,000 to secure future payments of alimony and child support and provided for sequestration in the event defendant would fail to comply with certain conditions. As so modified, order affirmed, without costs. In our opinion, at the present state of the litigation between the parties and in the light of defendant's business ownership, commitments and position in the community, sequestration or the deposit of his capital assets as security for his obligations under the judgment is unnecessary. If at some future date it appears that defendant is unreasonably refusing to perform his obligations under the judgment or is threatening to render it nugatory, plaintiff may renew her application for sequestration, if she be so advised. Munder, Acting P. J., Martuscello, Gulotta and Benjamin, JJ., concur; Brennan, J., not voting. [71 Misc 2d 708.]

In the Matter of **COLUMBIA CAVERA**, Individually and as Administratrix of the Estate of ONOFRIO CAVERA, Deceased, Appellant, v. BHAMANI BHARAT et al., Respondents. — In a proceeding (1) to remove an action pending in the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County; (2) to increase the *ad damnum* clause to $100,000 on the first cause of action and $150,000 on the second cause of action; and (3) to place the action in its appropriate place on the calendar of the Supreme Court, petitioner appeals from an order of the Supreme Court, Kings County, dated April 1, 1972, which denied the application. Order reversed, in the interests of justice, without costs, and application granted. In our opinion, the claimed special damages in the underlying wrongful death and personal injury action warrant the transfer of the case to the Supreme Court. Furthermore, we are of the opinion that the delay in requesting this relief is attributable solely to petitioner's attorneys. Martuscello, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.