Robert T. FOLEY, Appellant,

v.

Sarah A. FOLEY, Appellee.

No. 6912.

District of Columbia Court of Appeals.

Argued April 18, 1974.

Decided April 14, 1975.

Elizabeth Guhring, Washington, D. C., for appellant.

John Alexander, Washington D. C., for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge:

In this appeal from an order of the trial court adjudging appellant in contempt for his refusal to make full payment of maintenance and child support and from a court's separate refusal to credit appellant with certain sums paid in previous years against the amount of the arrearages, appellant claims, *inter alia,* that he cannot be held in contempt because he has not violated the terms of a valid and existing court order. In support of his contention appellant argues that the maintenance order awarding his then wife $600 per month support and $150 per month child support was "abrogated by operation of law" when his wife obtained a decree of divorce. We affirm.

## I

The parties were married in 1958. A daughter was born in 1963 whose support is at issue in this litigation. The parties separated in December, 1963 when the husband deserted the wife, and thereafter the wife brought an action for custody, child support and permanent maintenance. By order of May 27, 1964, the husband was ordered to pay $600 per month for the wife's support and maintenance and $150 per month for the support of the child, then 14 months old.

On December 23, 1964, the parties entered into a separation agreement in which they stipulated that:

19. With respect to the litigation in which the Husband and the Wife have been engaged and as to which some aspects are still pending in the courts, the parties covenant and agree as follows:

* * *

c. It is the agreement and intent of the parties that the Judgment for Permanent Maintenance and For Custody entered by the Domestic Relations Branch of the District of Columbia Court of General Sessions on May 27, 1964, shall remain in full force and effect, except that either the Husband or the Wife may file a motion in said action to modify said judgment to conform to the provisions of this Agreement or to enforce any provision of this Agreement. Each of the parties covenants and agrees, however, that he or she will not take any action in said proceeding inconsistent with the provisions of this Agreement or for any relief not provided for in this Agreement, it being the express intention and express desire of each of the parties that this Agreement fully and completely defines and establishes any and all rights, obligations and relationships to and between each other, and their minor daughter.

Other provisions in the agreement covered payments to be made for the support and maintenance of the wife and child measured by a formula of 50% of the first $24,000 or any part thereof of the husband's annual gross income plus 25% of the next $32,000. The agreement stated that " . . . in no event shall the annual sum to be paid by the Husband pursuant to [the formula] be less than [$9,000], or more than [$20,000]." The minimum amount provided for by the agreement corresponded to the amount of support required by the court order of May 27, 1964.

The wife obtained a decree of divorce in Nevada on March 1, 1965, after a hearing at which both parties were represented. The Nevada decree provided:

That the written agreement dated the 23rd day of December, 1964, entered into between the plaintiff and defendant herein settling all matters concerning the care, custody, control, maintenance and support of the minor child, SARAH CLENDENNING FOLEY, and all matters concerning the property rights of plaintiff and defendant and the support of plaintiff . . . be, and the same hereby is, ratified, confirmed and approved by the Court, and the parties thereto are hereby ordered and directed to comply with the terms thereof provided, however, that the aforesaid agreement shall not be merged in the decree but shall survive the same and continue in full force and effect as a binding and valid contract.

For the years 1966 through 1969, the husband made payments which accorded with the written agreement and with the 1964 court order, resulting in the receipt by the wife of $9,640 above the amounts specified in the order. In the years 1970 [when the husband's income was $96,000], 1971, 1972 and 1973 the husband's payments were $750 per month.

The wife and the child moved to Rome, Italy in 1970. In December of that year the wife moved the court for an increase in child support. The motion was granted by order November 12, 1971, increasing the amount of child support from $150 to $600 per month. The court's order included

findings that the separation agreement did not foreclose the wife from seeking a larger amount than agreed upon for child support; that the needs of the child had increased; and that the husband was able to provide for the present needs of the child.

■ The husband chose not to regard the November, 1971 order as increasing the total amount of his obligation to the wife and child. Instead, he characterized the order as creating a new breakdown of support payments due under the separation agreement; namely, that of the $750 minimum he was obligated to pay under the agreement, he henceforth regarded $600 of that sum as child support and $150 as "alimony" for the wife. As a consequence, the wife moved to hold her former husband in contempt on the ground that after the November, 1971 order his total support obligation was $1,200 per month; $600 under the agreement and the 1964 order for her and $600 under the 1971 order for the child. After a hearing, the trial court held the husband in contempt, concluding that he did indeed have the obligation to pay a total of $1,200 per month support for the wife and child and that as of August 4, 1972, he was in arrears in the sum of $4,050. In addition, the court refused to allow the husband to credit money paid under the terms of the separation agreement in excess of the initial 1964 order ($9,640) against the arrearages because:

a. The needs of the minor child which exist, under order of this Court, as of November 1, 1971, cannot be satisfied by payments made in the past.

b. The $9,460 [*sic*] was paid under an agreement of the parties which provides for support payments in addition to, but not in lieu of, the Court ordered

payments which have never been modified.

## II

As the wife points out, the husband never contended during the contempt hearing that the maintenance order of May 27, 1964 had been "abrogated by operation of law". He should therefore be precluded from raising this defense on appeal, but in any event, we cannot agree that the order of May 27, 1964, has been "abrogated" or otherwise affected by the subsequent divorce decree. The cases cited by the husband, Wilburn v. Wilburn, D.C.App., 210 A.2d 832 (1965) and Holmes v. Holmes, 81 U.S.App.D.C. 132, 155 F.2d 737 (1946), hold that where a wife has a monetary award that is temporary in nature [maintenance pendente lite or alimony in an action for divorce a mensa et thoro] the wife's entitlement to an award ends when the marital relationship is terminated by a divorce decree and there has been no further assertion of the right to receive alimony. For instance, in *Wilburn, supra* at 834, the court said:

As the divorce decree, rendered after a complete trial wherein the wife personally participated, provided no alimony for her support, she was not entitled to further separate maintenance beyond the date when the North Carolina decree became final and the parties no longer held a husband and wife relationship.

And in *Holmes, supra* at 134, 155 F.2d at 739,

. . . the final decree [of divorce] which admittedly changes the fundamental relationship of the parties, terminates the wife's right to receive alimony under a preceding separation decree predicated on her status as a wife. . . . [Footnote omitted.] [1]

---

[1]. Thus under the pertinent statute, D.C. Code 1973, § 16–916(a), the 1964 Order would appear to remain valid to the extent it made an award of maintenance and support to the minor child, Sarah. The statute states in relevant part: "Whenever any husband shall fail or refuse to maintain his wife, minor children, or both, although able to do so, or whenever any father shall fail or refuse to maintain his children by a marriage since dissolved, although able to do so, the court . . . may decree, pendente lite and permanently, that he shall pay reasonable sums periodically for the support of such wife and

In *Holmes,* the wife obtained the divorce a mensa et thoro and the decree of absolute divorce in the District of Columbia. Where a divorce decree is rendered by a court different from that making an award of support and maintenance, however, the foreign divorce decree does not affect the local order by modifying, amending, or vacating it. Instead, by terminating the marital status of the parties, it is generally held either to terminate the husband's obligation to pay under the local decree or to end the wife's entitlement under that decree.[2]

Here, however, the Nevada decree did not work a termination of the wife's entitlement to support payments under the 1964 order. As noted above, the parties had specifically and expressly agreed in paragraph 19(c) of the separation agreement that the order of May 27, 1964 was to remain in force; thus that order was incorporated in the agreement. And, as neither party ever filed a motion in the trial court under paragraph 19(c) to modify the judgment to conform to the provisions of the agreement, and as the agreement was declared by the divorce decree to survive the decree and continue in full force and effect, the order for permanent maintenance of May 27, 1964 continued to be in effect and is so at present, as amended by the later order of November 12, 1971.

■ While we agree with the husband that the wife would be precluded by the separation agreement, specifically paragraph 14, from claiming further support or maintenance for herself beyond that provided for in the agreement, this prohibition does not apply to additional support sought for the child, as recognized by the husband in his brief. *See* Alves v. Alves, D.C.App., 262 A.2d 111, 117 (1970) and Davis v. Davis, D.C.App., 268 A.2d 515, 517 (1970). As the wife is seeking in this litigation the amounts due her under the court order as incorporated in the separation agreement and additional amounts due the child under the further court order, this suit is not contrary to the agreement. Accordingly, since the husband was in violation of the orders of the trial court, the adjudication of contempt must stand.[3]

■ Whether or not appellant was to receive a credit for amounts paid in excess of the 1964 order but in keeping with the provisions of the separation agreement was a matter within the discretion of the court. The trial judge's reasons for holding that he was not have been set out above. The court has broad discretion with regard to matters involving alimony, support and maintenance, and contempt, Mumma v. Mumma, D.C.App., 280 A.2d 73, 76 (1971); Kephart v. Kephart, 89 U.S.App.D.C. 373, 193 F.2d 677 (1951), cert. denied 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952), and we cannot say from the record before us that there was an abuse in the exercise of that discretion in this case.[4]

The adjudication of contempt is

Affirmed.

children, or such children, as the case may be . . . ."

2. *See* Annot., 28 A.L.R.2d 1346, 1347, 1353 (1953); 25–31 A.L.R.2d Supp. 526, 527, 528 (1970).

3. The trial court was correct in concluding that the husband could not "prove compliance with Court Orders by notations on his checks which seek to divide his payments between alimony and child support."

4. Cases in other jurisdictions have also refused to grant credits for payments in excess of those ordered. In Fischer v. Fischer, 164 Ga. 81, 137 S.E. 821 (1927), the court refused to give the husband credit for voluntary payments to a son in a suit for arrears of alimony. A similar case is Chaisson v. Domingue, La.App., 175 So.2d 902 (1965). When alimony is reduced by court order credit is not given for payments made in larger amounts prior to the modification or reduction. Greene v. Greene, 71 Misc.2d 708, 336 N.Y.S.2d 560 (1972), modified on other grounds, 41 A.D.2d 645, 340 N.Y.S.2d 664 (1973); Haynes v. Haynes, 279 App.Div. 583, 107 N.Y.S.2d 620 (1951).