H. A. KESTERSON v. SOUTHERN RAILWAY COMPANY.

(Filed 11 December, 1907).

1. Pleadings—Plea in Abatement—Former Action.

An action of a similar nature which is pending, but has not proceeded to judgment in a Federal court, cannot be pleaded in abatement of a like action in the State courts. The plea must aver, and the proof affirmatively show, that the former action is still pending at the time of the filing of the plea.

2. Negligence—Contributory Negligence—Joint Tort Feasors—Custom—Implied Duty.

The plaintiff was employed by C. to help in loading cars with coal furnished by the defendant railroad company. It was the custom of the defendant to back the empty cars up grade, several at the time, so that by means of brakes the cars would remain as placed until ready for loading, when, by loosing the brakes, one car at the time would go down the grade to the point where the coal would be let into it from above. The custom was for others than the plaintiff to set the brakes on each car, of which the plaintiff knew and upon which he relied at the time of the accident, and, unknown to plaintiff, only the front car had the brakes on it, and, in consequence, when that was released the others followed and ran into it, causing the injury complained of: *Held*, (1) while no contractual relationship existed between the plaintiff and defendant railroad company, the joint business relationship established by known custom between it and C. was such as imposed a duty upon the defendant, making it liable to the plaintiff for its negligence; (2) there was no evidence of contributory negligence.

ACTION to recover damages for personal injury, tried before *Cooke, J.,* and a jury, at March Term, 1907, of the Superior Court of BUNCOMBE County.

The court submitted the usual issues of negligence, contributory negligence, and damages. The jury found for plaintiff on all issues. From the judgment rendered the defendant appealed.

*George A. Shuford, Frank Carter* and *H. C. Chedester* for plaintiff.

*Moore & Rollins* for defendant.

BROWN, J.  1. The defendant set up in its answer the pendency of an action between the plaintiff and defendant for the same cause of action set up in the plaintiff's complaint in this action, which action was begun, before this action was commenced, in the Superior Court of Buncombe County, and was thence removed to the Circuit Court of the United States.

It is found as a fact that, at the time of the issuing of the summons in this action, the other action was pending in the Circuit Court of the United States, but that a judgment of nonsuit had been entered therein before the complaint in this action had been filed.  The plea in abatement to this suit was properly overruled upon the facts.

The pendency of a suit, *in personam,* in a State court, which has not proceeded to judgment, cannot be successfully pleaded in abatement of a suit between the same parties for the same cause of action in a Federal court.

So, too, and for like reasons, an action of a similar nature which is pending, but has not proceeded to judgment, in a Federal court, cannot be pleaded in abatement of a like suit in a State court.  The point is decided in *Sloan v. McDowell,* 75 N. C., 29, where the reasons are given by *Mr. Justice Reade* for the distinction in this respect between suits for the same cause and between the same parties, pending in the courts of the same State, and where the causes are pending in courts of different sovereigns or jurisdictions.  For this reason the case of *Curtis v. Piedmont,* 109 N. C., 401, is not in point.  There, the former action was pending in the same court.

Had the action in the Circuit Court of the United States been prosecuted to judgment, it would have, upon proper plea, barred further prosecution in the State courts.  *Gordon v. Gilfoil,* 99 U. S., 168; 1 Cyc., 38; *North Muskequo v. Clark,* 62 Fed., 494.  The plea in abatement must also aver, and the proof affirmatively show, that the former action is still pend-

ing at the time of the filing of the plea. 1 Encyc. Pl. and Practice, 754; *Phelps v. Railroad,* 5 Am. State, 867.

The effective part of the plea is that the former action is still pending. Here, the jury find that a nonsuit was entered in the former action before the filing of the complaint and, therefore, necessarily, before the filing of the plea.

2. The only question remaining for consideration is the exception to the ruling of the court denying the defendant's motion to nonsuit.

The plaintiff's evidence tended to prove that one Collins was engaged in quarrying rock, and, to facilitate operations and the handling of the output, the defendant constructed a side track alongside the quarry. Collins had control of the loading of cars. These cars, as required by Collins for the purposes of his business, were placed upon his side track by the defendant. The side track was built upon a heavy grade, estimated at three and one-half to five feet in one hundred, and on defendant's right of way. The bins, or hoppers, from which the crushed stone was discharged into the cars were built directly over said side track, at the bottom of said grade. The elevation of said bins, or hoppers, was such as to allow the passage underneath of the defendant's gondola cars, with a space of twelve or fourteen inches between the bottom of the bin and the top of the car. The evidence tends further to prove that it was customary for the defendant to place empty cars upon this side track in the morning and to secure them so that they would stand upon the incline, and Collins' employees would let them down by gravity, one at a time, as needed for the purpose of being loaded, regulating and controlling their movements and stopping them at the proper place by the use of the hand-brakes on said cars, and the defendant's freight trains would take out the loaded cars the following night or morning. The empty cars would stand upon the grade if the brakes were set on each, but for greater security it was customary to block or scotch the front car

with a piece of wood, and, when this car was moved, to scotch the next car, and so on.

Collins' employees had nothing to do with placing the empty cars on the quarry siding. In the language of the witness Allred, "It was customary for them (the railroad people) to put them in there and hold them."

At the time of the injury the plaintiff was in the employ of Collins, working in said quarry. Upon the occasion in question he was required by his employer to assist in letting down the empty cars for the purpose of being loaded. He loosed the brakes and brought down the front car to the bin and, as he passed under it, the remaining cars, which had been left by defendant on the side track, as usual, not having brakes on, or not being checked, rushed down on the front car and knocked plaintiff off and seriously injured him. They had been held in place by the front car, and when the brakes on it were released and the car moved forward, the others, the brakes not being on, smashed into the front car when plaintiff stopped it under the bin.

It is true that the plaintiff was the servant of Collins and not of defendant, and that there were no contractual relations existing between the plaintiff and the defendant company. Yet there was that connection between Collins and the defendant in respect to the operations of the quarry which gave the employees of Collins the right to rely upon the established usage of fastening all the cars by brakes being carefully observed by defendant. The testimony of plaintiff's witnesses tends strongly to prove that when defendant's agents delivered the cars on the greatly inclined siding they always set the brakes on each car, and that on this occasion they set the brakes on the front car only, and did not check or set the brakes on the others.

This custom was known to plaintiff, and that he relied on it when he moved the front car is evident from his own testimony, for he says he "would not for the world have taken that

car out" had he known those behind it had been left with brakes off.

There is a class of cases in which one has been held liable to another in the absence of any contractual or other relation between them. This belongs to that class. The act of negligence in leaving the cars with brakes off, or not checked, under such circumstances and conditions, in violation of defendant's custom and usage, known to plaintiff and the other employees of Collins, was highly dangerous to them, and renders the defendant liable for the injury sustained in consequence. *Roddy v. Railway Co.*, 21 Am. State, 333; *Thomas v. Winchester,* 6 N. Y., 397; 2 Sutherland on Damages, 435.

While no contractual relation existed between plaintiff and defendant, yet Collins and the defendant had such business relations that each owed the duty to the other and his employees of properly discharging his part of the joint undertaking in respect to any matter exclusively devolving upon him.

Plaintiff had nothing to do with checking or fastening the cars properly with brakes when they were delivered on the side track. That was a part of defendant's obligation, and in its discharge a certain usage had been established. Without plaintiff's knowledge, this usage was not observed on one occasion, resulting in injury to him.

The defendant is, therefore, liable for the consequent result. In respect to defendant's contention in regard to contributory negligence, we think his Honor might well have charged that there was no evidence of that.

No Error.