IN THE MATTER OF THE CUSTODY OF ELIZABETH ANNE SKIPPER AND MICHAEL FREDERICK SKIPPER, MINORS.

(Filed 8 April, 1964.)

**1. Abatement and Revival § 3—**

   A plea in abatement seeking dismissal of an action because another action is pending between the same parties on the same right of action should be sustained when, and only when, the actions are pending in different courts of the same soverign.

**2. Same;   Divorce and Alimony § 22;   Habeas Corpus § 3—**

   The pendency in another state of the wife's suit for divorce and custody and support of the children of the marriage does not deprive the courts of this State of jurisdiction in *habeas corpus* proceedings to determine the right to custody, the children, constituting the *res,* being within the State. G.S. 17-39.1.

**3. Parent and Child § 6—**

   Parents are under a legal obligation to support their children and this obligation rests primarily on the father.

**4. Abatement and Revival § 3;   Divorce and Alimony § 22;   Habeas Corpus § 3—**

   The pendency in another state of the wife's action for divorce and custody and support of the children of the marriage does not deprive our

courts of jurisdiction in a *habeas corpus* proceeding brought by her in this State against the husband to compel the husband to provide reasonable support for his children then living in this State.

APPEALS by petitioner and respondent from *Mintz, J.*, in Chambers in NEW HANOVER on 1 November 1963.

This is a Habeas Corpus proceeding to determine the right to the custody of Elizabeth Anne, age 6, and Michael F. Skipper, age 5, children of petitioner Jean Skipper and respondent Frederick N. Skipper, Jr.

Petitioner and respondent were married in 1955. They separated in January 1963. When they separated, and for some time prior thereto, they were residents of South Carolina. The children, were, when the parents separated, left with the mother but were regularly visited by the father who had custody every other weekend. He, usually, at these times brought the children to Wilmington to visit his parents.

On 14 May 1963 petitioner instituted an action against her husband in the Court of Common Pleas for Florence County, South Carolina. She there asked the Court to award her custody of the children with "reasonable rights of visitation" by the father, and for an order requiring the father to pay $25.00 per week for the support of the children. She asked nothing for her own support.

Defendant, having secured an extension of time, filed his answer on 19 July 1963. He denied the mother was a fit person to have custody of the children. By counterclaim he sought a divorce charging the wife with adultery. On the day he filed his answer he took the children to Wilmington. He refused to return them to petitioner but left them in Wilmington. Petitioner gave up her job in South Carolina and came to Wilmington. She is now a resident of North Carolina. She has had custody of the children since the last of July 1963.

Respondent, in his answer to the petition for Habeas Corpus, reiterates the charges made in his answer filed in the action pending in South Carolina. He pleaded the pendency of the action instituted by petitioner in South Carolina as the basis for an order abating this action. No order has been entered in the action pending in South Carolina.

Judge Mintz, after hearing the parties, overruled the plea insofar as it related to the authority of the Superior Court to award custody. Nonetheless, he made no order fixing the right to custody. He held the plea in abatement good insofar as it related to his authority to require respondent to support his children. Petitioner and respondent appealed.

*Burnett & Burnett for Applicant Appellant.*

*George Rountree, Jr., for Respondent Appellant.*

RODMAN, J. Respondent assigns as error that portion of Judge Mintz' order holding the plea in abatement insufficient to deprive the Superior Court of this State of jurisdiction to determine the question of custody. Since this contention, if sustained, would render petitioner's appeal moot, we decide respondent's appeal first.

A plea in abatement seeking dismissal of an action, because another action is pending between the same parties on the same right of action, should be sustained when, and only when, the actions are pending in different courts of the same sovereign. If the actions are brought in courts of different states, the plea should be overruled. *Wilburn v. Wilburn,* 260 N.C. 208, 132 S.E. 2d 332; *Chicago R. I. & P. R. Co. v. Schendel,* 270 U.S. 611, 70 L. Ed. 757, 46 S. Ct. 420; *Commercial National Bank v. Continental Bank & Trust Company,* 88 F. 2d 160, *cert. den.,* 301 U.S. 692, 81 L. Ed. 1348, 57 S. Ct. 795; *Miami County National Bank of Paola, Kansas v. Bancroft,* 121 F. 2d 921; *Stanton et al. v. Embrey,* 93 U.S. 548, 23 L. Ed. 983; *Simmons v. Superior Court,* 214 P. 2d 844, 19 A.L.R. 2d 288, 1 C.J.S. 97.

Respondent did not request the Superior Court to refrain from exercising jurisdiction until the South Carolina court could act. To the contrary, he denied the authority of the courts of this State to act. In that he was mistaken. Petitioner and respondent had voluntarily submitted themselves to the jurisdiction of the courts of this State. The children, the res, were living in this State. The Superior Court of New Hanover County had the authority and duty to act. G.S. 17-39.1. *In Re Hughes,* 254 N.C. 434, 119 S.E. 2d 189; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313; *Jackson v. Jackson* (S.C.) 126 S.E. 2d 855.

Parents are under a legal obligation to support their children. Primarily, this obligation rests on the father. *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113; *Lee v. Coffield,* 245 N.C. 570, 96 S.E. 2d 726; *In Re TenHoopen,* 202 N.C. 223, 162 S.E. 619.

The Statute, G.S. 17-39.1, authorizes the court to award custody "under such regulations and restrictions, and with such provisions and directions, as will, in the opinion of the judge, best promote the interest and welfare of said child." The statutory language, authorizing an award of custody, implies the power to compel the person responsible for the support of a child to perform his duty. *Bunn v. Bunn,* 258 N.C. 445, 128 S.E. 2d 792.

The court erred in concluding respondent's plea in abatement, based on the pendency of the action in South Carolina, deprived the courts of this State of the power to compel respondent to provide reasonable

support for his children, who are now living in this State. The court should make such order as will best serve the interest of the children, having regard for the affection of each parent for the children and the ability of each to provide support.

On respondent's appeal: Affirmed.

On petitioner's appeal: Reversed.