JIMMY GREY WATSON, BY HIS NEXT FRIEND, EARL W. VAUGHN, PLAIN-
TIFF, v. JAMES BRADFORD NICHOLS, MARION A. NICHOLS AND
CHARLENE B. NICHOLS, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR
JAMES BRADFORD NICHOLS, ORIGINAL DEFENDANTS AND EMORY M.
WATSON, MARY C. WATSON AND MITCHELL WATSON, ADDITIONAL
DEFENDANTS.

(Filed 20 June, 1967.)

**1. Parent and Child § 2—**

Since an unemancipated infant who is a member of the household can-
not maintain an action for negligence against his parents, in an action on
behalf of an unemancipated child to recover for negligent injury from the
power lawn mower of a neighbor, the defendants may not file a cross-
action against the plaintiff's parents, either on the ground of primary neg-
ligence on the part of plaintiff's parents or for contribution, since such
cross-action would indirectly hold the unemancipated minor's parents
liable to him for the injury.

**2. Parent and Child § 5— Responsibility for care of minor child rests
upon parent when parent is present.**

In this action on behalf of a four-year old child to recover for injuries
from a power lawn mower operated by a child of a neighbor, defendants
filed a cross-action against the minor plaintiff's older brother, alleging
that the brother promised to keep the plaintiff out of the way of the
mower and negligently failed to do so, but the cross-complaint further al-
leged that the minor plaintiff's parents were at the scene at the time
and in charge of plaintiff during the episode. *Held:* The cross-action was
properly dismissed upon demurrer, since responsibility for the care and
safety of minor children falls on their parents when they are present,
and any promise made by an older brother would not relieve the plaintiff's
parents of that responsibility. As to whether one unemancipated infant
may maintain an action against another unemancipated infant who is a
member of the same household, *quære?*

APPEAL by original defendants from *Lupton, J.,* March 6, 1967
Civil Session, ROCKINGHAM Superior Court.

The plaintiff, Jimmy Grey Watson, age 4 years, by his next
friend, instituted this civil action against James Bradford Nichols,
age 13 years, and Marion A. and Charlene B. Nichols, his parents,
to recover damages for the personal injury the infant plaintiff sus-
tained by reason of the alleged negligent acts of James Bradford
Nichols in backing a power driven lawn mower over the infant
plaintiff, inflicting serious injuries to his foot. The plaintiff alleged
Marion A. and Charlene B. Nichols, parents of James Bradford
Nichols, were negligent in that they procured a power driven lawn
mower, equipped with a seat for the operator, and permitted their
son, James Bradford Nichols, to operate it in and about the yard
of the Nichols home and the adjoining Watson home when they
knew, or should have known, that he was inexperienced and unin-
structed in the safe operation of this dangerous instrumentality and

that children, including the infant plaintiff, were accustomed to play-ing in and around both the Watson and Nichols residences and that the inexperienced operator, suddenly and without looking backward, reversed the mower and negligently backed the same over the in-fant plaintiff, inflicting serious injury.

The original defendants filed an answer and cross action in which they denied all negligence and attempted to interplead as additional defendants Emory M. Watson and Mary C. Watson, father and mother, and Mitchell Watson, infant brother of Jimmy Grey Wat-son, for the purpose of (1) having them declared primarily liable for any damages which the plaintiff may recover, or (2) having them held under G.S. 1-240 as joint tort feasors and be required to contribute to the payment of any judgment recovered by the plain-tiff. The original defendants alleged as against the additional defend-ants that the father, mother and brother of the infant plaintiff were actively negligent in permitting James Bradford Nichols to enter their lawn with the mower and the original defendants were only passively negligent by the operation of the mower.

As against the additional defendants, the original defendants al-leged that James Bradford Nichols, after mowing the Nichols yard, undertook to mow the Watson yard; that Mitchell Watson, age 10 years, promised James Bradford Nichols that he would look after the 4 year old plaintiff, and keep him out of the way of the mower; that if the original defendants were negligent, which they deny, then Emory M. and Mary C. Watson, individually and through their son and agent, Mitchell Watson, were negligent in permitting the infant plaintiff to fling himself "suddenly and without warning," and with-out the knowledge of the operator, James Bradford Nichols, in such manner as negligently to expose him to danger which proximately caused his injury.

The additional defendants filed a demurrer to the cross action which Judge Lupton sustained. The original defendants excepted and appealed.

Armistead W. Sapp, Jr., for Original Defendant Appellants

Jordan, Wright, Henson & Nichols by G. Marlin Evans and Perry C. Henson for Additional Defendant Appellees.

HIGGINS, J. This appeal is from the Superior Court judgment sustaining the demurrer to the cross action. In the cross action, the original defendants alleged, conditionally, that if they are held liable to the plaintiff, then Emory M. and Mary C. Watson, parents of the infant plaintiff, individually and through their agent, Mitchell Watson, were negligent and primarily liable to the plaintiff by per-

mitting him to approach the moving mower from behind without notice or warning to James Bradford Nichols, the operator; that the negligence of the additional defendants was primary and any negligence on the part of the original defendants was secondary.

The cross action alleged that the additional defendants, Emory M. and Mary C. Watson, are the parents of the plaintiff, age 4 years, and of Mitchell Watson, age 10 years, all of whom are members of the household. These allegations render the cross action demurrable as to the parents, Emory M. and Mary C. Watson.

An unemancipated infant, who is a member of the household, cannot maintain an action based on ordinary negligence against his parents. *Lewis v. Ins. Co.*, 243 N.C. 55, 89 S.E. 2d 788; *Redding v. Redding*, 235 N.C. 638, 70 S.E. 2d 676; *Small v. Morris*, 185 N.C. 577, 118 S.E. 12; 19 A.L.R. 2d 423. Since the parent is not liable in a direct action against him, he cannot be made liable by cross action. The demurrer was properly sustained as to the parents.

This Court has never passed on the question whether one unemancipated infant may maintain an action for negligence against another unemancipated infant who is a member of the same household. Courts which have passed on the question have generally held the action may be maintained. These actions usually involve injuries growing out of automobile accidents. *Midkiff v. Midkiff*, 201 Va. 829, 113 S.E. 2d 875 (1960); *Overlock v. Ruedemann*, 147 Conn. 649, 165 A. 2d 335 (1960); *Herrell v. Haney*, 341 S.W. 2d 574 (Tenn., 1960); *Emery v. Emery*, 45 Cal. 2d 421, 289 P. 2d 218 (1955); *Rozell v. Rozell*, 281 N.Y. 106, 22 N.E. 2d 254 (1939); *Munsert v. Ins. Co.*, 229 Wisc. 581, 281 N.W. 671 (1938).

At this time, and in this case, we do not find it necessary to pass on the question whether one infant member of a household may be held liable for a negligent injury to another infant member of the same household. The facts alleged in the cross action do not make out a case of liability against Mitchell Watson. In the cross action, the original defendants alleged:

". . . that plaintiff's parents were at their residence and in charge of plaintiff during the afternoon of Monday, the 6th day of September, 1965, and were present and at their residence and in charge of their children, including minor plaintiff, at all times when the infant defendant was operating the Rugg Company mower on the premises of the infant plaintiff and infant plaintiff's parents.

　　　　　*　　*　　*

. . . the infant plaintiff, Jimmy Grey Watson, at the time when Emory M. and Mary C. Watson individually and through

their agent and son, Mitchell Watson, were carelessly and negligently failing to exercise any supervision of the infant plaintiff as was their duty to do, the infant plaintiff, in some manner unknown to these answering defendants, flung himself, suddenly and without warning, behind the power mower . . . so as to cause the power mower to back up and run over his right foot, and which action on his part was the sole proximate cause of all of the injuries complained of. . . ."

The allegations place the plaintiff, age 4 years, and the son, Mitchell Watson, age 10 years, at the home, with their parents, throughout the mowing operations. Ordinarily when parents are present, in charge of their children of tender years, responsibility for their care and safety falls on the parents. In this case the parents were at home. Both the plaintiff and Mitchell were under their control. Any promise made by Mitchell to take care of Jimmy would not relieve the parents of that responsibility. The allegations of the cross action are insufficient to state a cause of action against Mitchell Watson. The demurrer was properly sustained as to him for that reason. The judgment of the Superior Court sustaining the demurrer to the cross action against the three additional defendants was properly sustained.

Affirmed.