MICAH SCOTT EVANS, A MINOR BY HIS GUARDIAN AD LITEM, JOYCE B. LAWS v. IVA MAE EVANS; KERMIT GENE BISSETTE; CARRIE RAMSEY LARGENT; C. W. LARGENT; CHARLES SHOEMAKER; AND UDICO ELECTRIC COMPANY, INC.

No. 7127SC471

(Filed 14 July 1971)

1. **Parent and Child § 2— liability of mother for injury to child — doctrine of parental immunity**

   An unemancipated minor child is precluded by the doctrine of parental immunity from maintaining an action against his mother for injuries resulting from the mother's negligence.

2. **Parent and Child § 2; Constitutional Law §§ 20, 23— parental immunity — unemancipated child — due process — equal protection**

   The doctrine of parental immunity does not deny an unemancipated child the rights of due process and of the equal protection of the laws.

APPEAL by plaintiff from *Anglin, Judge,* 17 May 1971 Civil Session of Superior Court held in GASTON County.

On 27 September 1969 the minor plaintiff, Micah Scott Evans, was injured when the automobile in which he was riding as a passenger and which was being driven by his mother, Iva Mae Evans, was involved in a multiple vehicle collision on Interstate Highway 85 in Gaston County, N. C. This action to recover damages for plaintiff's injuries was brought against his mother and against the owners and operators of other vehicles involved. Plaintiff alleged his injuries were caused by the joint and concurring negligence of the defendant drivers. Plaintiff's mother answered, denied that she was negligent, and pleaded parental immunity. She also moved for summary judgment to dismiss the action against her. The parties stipulated that at the time

of the collision plaintiff was six years old and was residing in the home of his mother as an unemancipated minor and was a dependent child of his mother. Upon this stipulation the trial court granted the mother's motion, adjudged that plaintiff is not entitled to maintain a tort action against his mother, and entered summary judgment dismissing his claim against her. From this judgment, plaintiff appealed.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Jeffrey M. Guller and James R. Carpenter for defendant appellee, Iva Mae Evans.*

PARKER, Judge.

[1] Ever since the decision in *Small v. Morrison*, 185 N.C. 577, 118 S.E. 12, decided in 1923, it has been the rule in this jurisdiction that an unemancipated child, who is a member of his parents' household, may not maintain an action based on ordinary negligence against his parents or either of them. *Watson v. Nichols*, 270 N.C. 733, 155 S.E. 2d 154; *Warren v. Long*, 264 N.C. 137, 141 S.E. 2d 9; *Redding v. Redding*, 235 N.C. 638, 70 S.E. 2d 676. The purpose of the rule is said to be to implement a public policy protecting family unity, domestic serenity, and parental discipline. Upon the same theory it has been held that a parent cannot sue his unemancipated child for a personal tort. *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753.

Appellant recognizes the rule announced in these cases, but vigorously urges that the time has come for this State to join those jurisdictions which in recent years have reexamined and abolished these family immunities, citing such cases as *Streenz v. Streenz*, 106 Ariz. 86, 471 P. 2d 282; *Gibson v. Gibson*, 92 Cal. Rptr. 288, 479 P. 2d 648; *Schenk v. Schenk*, 100 Ill. App. 2d 199, 241 N.E. 2d 12; *Gelbman v. Gelbman*, 23 N.Y. 2d 434, 297 N.Y.S. 2d 529, 245 N.E. 2d 192; and *Goller v. White*, 20 Wis. 2d 402, 122 N.W. 2d 193. If so, the task is for our Legislature or for our Supreme Court. This Court, as was the trial court, is bound by the rule heretofore announced and consistently followed by our Supreme Court in the cases first cited above.

**[2]** Appellant also contends that the doctrine of parental immunity results in an unconstitutional denial to unemancipated children of due process and equal protection of the laws. We do not agree. The familial relationship has long been recognized as an appropriate and reasonable basis for imposing special rights, obligations and immunities.

The summary judgment dismissing plaintiff's claim against his mother, being in accord with the controlling decisions of our Supreme Court, is

Affirmed.

Judges BRITT and MORRIS concur.