IRVING LEHRER v. EDGECOMBE MANUFACTURING COMPANY, INC., AND DOBIE ORIGINALS, INC.

No. 717SC646

(Filed 12 January 1972)

1. **Rules of Civil Procedure § 7— motions — failure to state rule number**

   The trial judge should have declined to rule upon motions which did not contain the rule number under which the movant was proceeding. Rule 6 of the General Rules of Practice for the Superior and District Courts

2. **Abatement and Revival § 3— pendency of action in federal court of another state**

   The pendency of a prior action between the same parties for the same cause of action in a federal district court of another state is not a sufficient ground for dismissal of an action in a court of this State.

APPEAL by plaintiff from *Tillery, Judge,* 17 May 1971 Session of Superior Court held in EDGECOMBE County.

Plaintiff instituted this action on 3 September 1970 in Edgecombe County, North Carolina, and alleged in his complaint that early in 1969, he had contracted with Dobie Originals, Inc. (Dobie), a New York corporation, to come to North Carolina and supervise the construction of and then manage a garment manufacturing plant in Tarboro, North Carolina. Plaintiff did so and later entered into a contract with Edgecombe Manufacturing Company, Inc. (Edgecombe), a subsidiary corporation of Dobie, to manage the newly constructed plant. On 14 August 1969, an official of Dobie asked him to resign as manager of Edgecombe, which he agreed to do and did, under certain conditions. Plaintiff alleged that both Dobie and Edgecombe breached their contracts with him, and he seeks to recover damages for the breaches.

Edgecombe denied the material allegations of the complaint and pleaded a release from plaintiff as a bar to any right to recover against it.

Dobie denied the material allegations of the complaint and for a further answer and defense asserted that on 10 November 1969, the plaintiff had instituted (and there was then pending) an action against it in the United States District Court for the Southern District of New York, in which he had alleged

substantially the same cause of action as he had in the complaint filed in Edgecombe County.

On 29 October 1970, Dobie filed a motion in which it asked that the action against it be dismissed due to the pendency of the prior action in the United States District Court in New York, and on the same date filed another motion asking that the cause be dismissed because Dobie had no interest in the employment contract between the plaintiff and Edgecombe.

On 17 May 1971, Judge Tillery, after a hearing, entered the following order:

> "This cause coming on for hearing before the undersigned Judge of Superior Court at the May 17, 1971 Term of Edgecombe County, and the Court having heard oral arguments and having studied the pleadings, finds as a fact that there is now pending in the United States District Court for the Southern District of New York an action entitled, *'Irving Lehrer vs. Dobie Originals, Inc.'* and bearing the file number Civil Action File No. 4870-1969, and that said prior pending action has been pleaded in bar in this action, and that this action and the action pending in New York are on substantially the same subject matter and that all material questions and rights affecting the plaintiff and Dobie Originals, Inc., may be determined in the prior pending action.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this action, as to the defendant Dobie Originals, Inc., be and the same is dismissed."

Plaintiff excepted to the entry of the foregoing order and appealed to the Court of Appeals.

*Biggs, Meadows & Batts by Charles B. Winberry for plaintiff appellant.*

*Bridgers & Horton by T. Perry Jenkins for defendant appellees.*

MALLARD, Chief Judge.

[1] Neither of the motions filed by Dobie contained the rule number under which the movant was proceeding. The trial judge should have declined to rule upon the motions because they did

not comply with Rule 6 of the "General Rules of Practice for the Superior and District Courts" as contained in Volume 276, page 735, of the North Carolina Reports. However, since plaintiff has not argued this failure, we consider the appeal on its merits.

[2]   The appeal presents this question for decision: Is the pendency of a prior action by the plaintiff against the defendant Dobie in a United States District Court in New York, assuming that the subject matter, issues involved, and relief demanded are substantially the same as in this action, sufficient grounds for a dismissal of this action? The answer is: No.

Prior to the adoption of the new Rules of Civil Procedure as contained in Chapter 1A of the General Statutes, the proper way to raise a plea in abatement was by answer. Under G.S. 1A-1, Rule 7(c), "pleas" are specifically abolished; but under Rule 12(b), every defense, including a defense in the nature of the old plea in abatement, may be raised by responsive pleading—in this case by answer. Both the plaintiff and the defendants in the case before us agree that the dismissal presents essentially the same questions as did the old plea of abatement.

The rule is stated as follows:

"The pendency of a prior action between the same parties for the same cause of action in a state court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of this state having jurisdiction. The prior action must be pending in a court of this state, and the pendency of an action in a court of another state will not support a plea in abatement. * * *" 1 Strong, N. C. Index 2d, Abatement and Revival, § 3.

It is said in *In re Skipper*, 261 N.C. 592, 135 S.E. 2d 671 (1964):

"A plea in abatement seeking dismissal of an action, because another action is pending between the same parties on the same right of action, should be sustained when, *and only when*, the actions are pending in *different courts of the same sovereign. If the actions are brought in courts of different states, the plea should be overruled.*" (Emphasis added.)

---

**Lehrer v. Manufacturing Co.**

---

In *Cushing v. Cushing*, 263 N.C. 181, 139 S.E. 2d 217 (1964), it is said:

> "Where another action pending between the same parties for the same cause is made the basis of a plea in abatement, the former action must be pending (a) *in a court of competent jurisdiction* and (b) *within this State,* in order to bar the second action. *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860; 1 McIntosh, North Carolina Practice and Procedure, § 1236(4) (1956 ed.)." (Emphasis original.)

In *Cushing,* the plea in abatement failed for both of the reasons indicated above. In both *Cushing* and *In re Skipper,* the prior actions were pending in the courts in another state.

In *Kesterson v. R.R.,* 146 N.C. 276, 59 S.E. 871 (1907), however, the prior action was pending in a federal court, and the rule was explained as follows:

> "The pendency of a suit, *in personam,* in a State court, which has not proceeded to judgment, cannot be successfully pleaded in abatement of a suit between the same parties for the same cause of action in a Federal court.

> So, too, and for like reasons, an action of a similar nature which is pending, but has not proceeded to judgment, in a Federal Court, cannot be pleaded in abatement of a like suit in a State court. * * *

> Had the action in the Circuit Court of the United States been prosecuted to judgment, it would have, upon proper plea, barred further prosecution in the State courts. * * *"

Defendants herein would distinguish *Kesterson* on the grounds that the action pending in the Federal Circuit Court in that case had been nonsuited prior to the filing of the complaint in the state action, but the general principles stated in *Kesterson* and reiterated in every other North Carolina case found are to the effect that a similar action pending in the courts of any other jurisdiction will not abate an action between the same parties in the North Carolina courts. Apparently recognizing that the North Carolina rule is against their position, the defendant appellees in this case ask that the Court of Appeals "overrule" *Cushing* and *Skipper.* We do not have the authority or

inclination to do so. Therefore, we hold that the trial judge erred in granting Dobie's motion to dismiss on the grounds of a prior pending action in another jurisdiction.

In Anno., 19 A.L.R. 2d 301, it is noted that it is "uniformly held" that a prior action pending outside the jurisdiction is not grounds for the abatement of an action begun in the courts of the state in question, but that this does not preclude the court in the second forum from *staying* or *continuing* the progress of the second action pending determination of the first. Such a stay or continuance is, however, discretionary and not a matter of right.

In the case before us, the defendant Dobie asserted its defense of the prior pending action in the answer, as well as in a separate written motion filed in the case. The separate motion may be treated as surplusage because the defense of the prior pending action contained in the answer should be considered first, as preliminary to a hearing on the merits.

For the reasons hereinabove stated, the order dismissing this action as to Dobie is reversed.

Reversed.

Judges HEDRICK and GRAHAM concur.