MYRA JEAN MABRY, BY AND THROUGH HER GUARDIAN AD LITEM, LELA H. BOWEN v. CURTIS CARL BOWEN

No. 728SC302

(Filed 24 May 1972)

Parent and Child § 2— parental immunity — negligence — stepparent
    An unemancipated minor child is precluded by the doctrine of parental immunity from mainting an action against a stepparent standing *in loco parentis* for personal injuries negligently inflicted.

APPEAL by plaintiff from *Tillery, Judge,* 22 November 1971 Session of Superior Court held in LENOIR County.

---

Mabry v. Bowen

---

Civil action to recover for personal injuries sustained by minor plaintiff as a result of the alleged negligence of defendant.

Defendant moved for summary judgment on the ground that minor plaintiff, an unemancipated 12-year-old child, is defendant's stepchild, resides with defendant, and is totally supported by him. The motion was allowed and plaintiff appeals.

*Turner and Harrison by Fred W. Harrison for plaintiff appellant.*

*Whitaker, Jeffress & Morris by Thomas H. Morris for defendant appellee.*

GRAHAM, Judge.

It has long been the rule in North Carolina that an unemancipated minor child cannot maintain an action against his parent for personal injuries negligently inflicted. *Watson v. Nichols,* 270 N.C. 733, 155 S.E. 2d 154; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12; *Evans v. Evans,* 12 N.C. App. 17, 182 S.E. 2d 227, *cert. den.* 279 N.C. 394, 183 S.E. 2d 242.

Plaintiff candidly concedes the existence of the rule and agrees that it extends to a stepparent standing *in loco parentis,* which is the case here. She argues, however, that the time has come for North Carolina to join the growing list of states abandoning the parental immunity rule.

In answering a similar contention in the case of *Evans v. Evans, supra,* Judge Parker noted that it is for our Legislature or the Supreme Court to determine whether parental immunity in North Carolina should be abolished. Plaintiff's logic and arguments are persuasive. However, this Court does not have the authority to overrule decisions of the Supreme Court. *Lehrer v. Manufacturing Co.,* 13 N.C. App. 412, 185 S.E. 2d 727.

Affirmed.

Judges MORRIS and VAUGHN concur.