DEBRA JOHNSON MORGAN (NOW SINCLAIR) v. EVELENE O. JOHNSON

No. 7421SC860

(Filed 18 December 1974)

**Parent and Child § 2— stepmother in loco parentis— immunity in negligence action**

    In plaintiff's action against her stepmother to recover for personal injuries allegedly resulting from defendant's negligent operation of an automobile in which plaintiff was a passenger, defendant stood *in loco parentis* to plaintiff, and defendant was entitled to summary judgment in her favor on the ground of parental immunity; furthermore, plaintiff failed to present a triable issue as to her emancipation where her affidavit indicated that plaintiff received all of her support from her father, that plaintiff disliked defendant, and that defendant always referred to plaintiff as "her husband's child."

APPEAL by plaintiff from *Exum, Judge,* 8 July 1974 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals on 20 November 1974.

Plaintiff instituted this action to recover for personal injuries resulting from an automobile accident in July 1967. In her complaint she alleges that her injuries were proximately caused by defendant's negligent operation of an automobile in which plaintiff was a passenger. Defendant moved for summary judgment on the ground that defendant was immune from

suit because she stood *in loco parentis* to the plaintiff at the time of the accident. The trial court, having considered affidavits of plaintiff and defendant, granted defendant's motion, and plaintiff appealed.

*Harrell Powell, Jr., for plaintiff appellant.*

*Deal, Hutchins and Minor, by Richard Tyndall and James C. Eubanks III, for defendant appellee.*

MARTIN, Judge.

"It has long been the rule in North Carolina that an unemancipated minor child cannot maintain an action against his parent for personal injuries negligently inflicted." *Mabry v. Bowen,* 14 N.C. App. 646, 188 S.E. 2d 651 (1972). The present case involves an action by plaintiff against her stepmother. Plaintiff concedes that the doctrine of parental immunity extends to a stepparent standing *in loco parentis,* but she contends that (1) defendant never stood *in loco parentis* to plaintiff and (2) even if such a relationship did exist, there remains a triable issue of fact regarding plaintiff's emancipation from defendant.

The term *'in loco parentis'* means in the place of a parent, and a 'person *in loco parentis'* may be defined as one who has assumed the status and obligations of a parent without a formal adoption. *Shook v. Peavy,* 23 N.C. App. 230, 208 S.E. 2d 433 (1974). In her affidavit defendant states:

"From the date of my marriage to the plaintiff's father in 1963, until on or about March of 1970, I assumed a parental character and discharged parental duties with respect to the plaintiff, DEBRA JOHNSON MORGAN. I never formally adopted any of my stepchildren. I prepared meals, kept the home, provided counsel and directed the daily activities of my stepchildren, including DEBRA JOHNSON MORGAN, in such a manner and in all respects as would a mother to these stepchildren. I stood in the place of a parent to my stepchildren in all respects."

Nothing else appearing, the foregoing affidavit of defendant would clearly entitle defendant to summary judgment in her favor on the ground of parental immunity. We now turn to plaintiff's affidavit to determine if it shows a triable issue of material fact.

Morgan v. Johnson

" '[I]f the moving party by affidavit or otherwise presents materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact . . . . ' Moore's Federal Practice, 2d Ed., Vol. 6, § 56.11(3), p. 2171." *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

In her affidavit plaintiff does not deny that defendant assumed the role as a mother toward her. Instead, she states:

"I never regarded the defendant as a mother or a step-mother, but as my father's wife, because I had a real mother. Neither did the defendant regard me as 'her child', but as 'her husband's child'. Anytime she introduced me to anyone she always introduced me as 'my husband's child'. I called my father's wife 'Evelene' at her direction. My relationship with the defendant was not good, and at my request, from June, 1966 until May, 1967 my father placed me in a boarding school. . . . "

She also states that she received all of her support from her father, and after graduation from school in 1970 she became self-supporting. We find no triable issue of a material fact presented in plaintiff's affidavit. Plaintiff's dislike for defendant. and the fact that plaintiff's father provided for her support does not indicate emancipation in the slightest. "The power to emancipate resides in that parent having the duty to support, ordinarily the father." *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753 (1965). Nor do we think that defendant's regard for plaintiff as "her husband's child" is significant. After all, defendant married plaintiff's father when plaintiff was eleven years old, and it would be only natural to regard plaintiff as "her husband's child."

Plaintiff failed to show a triable issue of material fact for the jury, and, therefore, it was appropriate for the trial court to grant defendant's motion for summary judgment.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.