IN THE MATTER OF JEFFERY D. KOWALZEK

No. 7611DC791

(Filed 6 April 1977)

1. Infants § 9— order changing child custody — requirements

Order of the district court changing the custody of the child in question is fatally defective and must be vacated since no notice was given, there was no showing of changed circumstances or needs of the child, nor did the order contain appropriate findings of fact and conclusions of law. G.S. 7A-285; G.S. 7A-286.

2. Infants § 9— persons in physical custody of child — custodians

Appellants who were given physical custody of the child in question, who supported him for many months and expressed their desire to keep him permanently, and who undertook with the court's approval the obligations of parents to the child were clearly custodians of the child and were entitled to rights commonly afforded to parties, including the right to notice, the right to intervene and to present evidence, and the right to contest orders of the court. G.S. 7A-278(7).

3. Appeal and Error § 7— custodians of child — order changing custody — custodians as aggrieved parties

Appellants who were custodians of the child in question were aggrieved parties with standing to appeal from the order of the district court, since the order complained of clearly affected substantial rights of appellants in that the child to whom they stood *in loco parentis* would be taken from them by the order.

APPEAL by respondents from *Lyon, Judge.* Order entered 4 August 1976 in District Court, LEE County. Heard in the Court of Appeals 9 March 1977.

This appeal concerns the custody of Jeffery D. Kowalzek, an infant approximately three-and-one-half years old. The facts are undisputed.

Jeffery D. Kowalzek is the son of James Kowalzek and his wife Elizabeth Kowalzek. Jeffery was born 29 October 1973. Slightly more than one year later, Elizabeth left her husband and son. She remained briefly in Lee County, where she applied for public assistance without acknowledging her son, and then traveled to Minnesota, where she remained without attempting either to contact her husband or to see her child. Approximately three months later, on 28 February 1975, James Kowalzek was killed in a traffic accident. One Mrs. Frances Carter, who had begun to take care of the child Jeffery at the time his mother left home, informed the Lee County Department of Social Services (sometimes hereinafter called the Department) about the child's situation. Apparently on the Department's petition, the district court entered an immediate custody order, pursuant to G.S. 7A-284, placing Jeffery Kowalzek in the physical custody of Mrs. Carter. This emergency order was followed by an order of 6 March 1975 placing Jeffery in the custody of the Department, with Mrs. Carter and her sister, Mrs. Frankie Liendo, one of the appellants, retaining physical custody of the child.

On 9 October 1975, a full hearing was held in district court to determine who should have custody of Jeffery Kowalzek. Among those present were Elizabeth Kowalzek, Mrs. Frankie Liendo and her husband Salvador Liendo, Mrs. Frances Carter, several character witnesses and a representative of the Department of Social Services. The court heard evidence and found that when Elizabeth Kowalzek separated herself from her family, she applied for public financial assistance without acknowledging that she had a son. The court found, further, that for more than two months following her husband's death, Mrs. Kowalzek failed to contact the Department concerning her child. In the light of the above, the court found that Elizabeth Kowalzek had "to all intends (sic) and purposes, abandoned and deserted" her child. The court also found that Mrs. Kowalzek's income and family situation were inadequate to support her child.

The court further found, on the other hand, that Salvador and Frankie Liendo were relatively affluent, able to care for the child without assistance, and desirous of obtaining perma-

nent custody of Jeffery. The court concluded that Jeffery Kowalzek's welfare required that he remain in the legal custody of the Lee County Department of Social Services and in the physical custody of Salvador and Frankie Liendo. The order was entered accordingly. Mrs. Kowalzek gave notice of an appeal but never perfected it.

At some later time, apparently in July 1976, the Lee County Department of Social Services filed a motion in the district court asking that the 9 October 1975 order be modified, and that Jeffery Kowalzek be placed in the custody of his mother. No notice of this motion was given to the Liendos. Nor was notice given to the child. No hearing was held, and no evidence was taken except for a copy of a Morrison County, Minnesota, Social Services report which was appended to the motion, and which recommended the change in custody. The record fails to show what information was contained in this report. Based on the motion and the accompanying report, the district court modified its previous order and awarded custody to Elizabeth Kowalzek. Within ten days after the order was modified the Liendos gave written notice of their intention to appeal. The court stayed execution of its order pending this appeal.

*A. B. Harrington III for petitioner appellee.*

*Hoyle & Hoyle, by J. W. Hoyle, for respondent appellants.*

ARNOLD, Judge.

[1] Section 7A-286 of the General Statutes of North Carolina establishes the authority of the district court to modify an existing juvenile custody order. The statute provides in part:

> "The court shall have a duty to give each child subject to juvenile jurisdiction such attention and supervision as will achieve the purposes of this Article. Upon motion in the cause or petition, and after notice as provided in this Article, the court may conduct a review hearing to determine whether the order of the court is in the best interest of the child, and the court may modify or vacate the order in light of change in circumstances or needs of the child."

The statute provides that notice be given before there is any modification, and, additionally, that any modification must be made "in light of changes in circumstances or needs of the

child." The record does not show any compliance with either of these provisions. Moreover, the court's order must be in writing and contain "appropriate findings of fact and conclusions of law." G.S. 7A-285. The order from which appellants appeal does not contain findings of fact or conclusions of law pertaining to any change in circumstances underlying the 6 March 1975 custody order. The order is fatally defective and must be vacated.

The Department concedes error but contends that the Liendos do not have standing to appeal. The pertinent statutes are G.S. 1-271 and G.S. 7A-289. According to G.S. 1-271, "Any party aggrieved may appeal in [civil] cases . . . , " and G.S. 7A-289 provides:

> "Any child, parent, guardian, custodian or agency who is a party to a proceeding under this Article may appeal from an adjudication or any order of disposition to the Court of Appeals, provided that notice of appeal is given . . . . "

[2] A "custodian" is defined as "a person or agency that has been awarded legal custody of a child by a court, or a person other than parents or legal guardian who stands *in loco parentis* to a child." G.S. 7A-278(7). Legal custody was placed in the Department of Social Services, but the court's orders of March and October 1975 placed physical custody of the child in the Liendos. Furthermore, the Liendos have supported the child for many months, and expressed their desire to keep him permanently. They have undertaken, with the court's approval, the obligations of parents to Jeffery Kowalzek. They stand *in loco parentis* to him. *Morgan v. Johnson*, 24 N.C. App. 307, 210 S.E. 2d 503 (1974) ; 3 Lee on Family Law, § 238. By the terms of G.S. 7A-278(7) the Liendos are clearly custodians of Jeffery Kowalzek.

The Liendos are also parties to these proceedings. In the court's order of 9 October 1975 they are explicitly referred to as parties. Moreover, the fact that they were made custodians is some evidence that the Liendos are parties. Custodians are entitled to rights which are commonly afforded to parties: the right to notice, the right to intervene and to present evidence, and the right to contest orders of the court. *See*, G.S. 7A-283, 7A-285 and 7A-289.

**[3]**   We hold that the Liendos are aggrieved parties with standing to appeal. The order complained of clearly affects substantial rights of the parties since the child to whom they stand *in loco parentis* would be taken from them by the order.

Vacated and remanded.

Chief Judge BROCK and Judge PARKER concur.