THOMAS CLYDE TRIPLETT, JR. BY LILLIE STAMEY TRIPLETT, HIS GUARDIAN AD LITEM v. THOMAS CLYDE TRIPLETT, SR.

No. 7625SC993

(Filed 5 October 1977)

**Parent and Child § 2— father operating motor vehicle—injury to child—parental immunity**

In an action by a minor, unemancipated child to recover damages from his father for injuries received by the child when he fell from and was run over by a truck driven by his father on 1 September 1975, the trial court properly granted defendant father's motion for summary judgment on the ground of parental immunity, since the restriction of that doctrine to allow suit between parent and child arising from a motor vehicle accident as provided in G.S. 1-539.21 applied only to causes of action accruing on and after 1 October 1975.

---

---

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered out of session 21 August 1976. Heard in the Court of Appeals 30 August 1977.

Plaintiff, Thomas Clyde Triplett, Jr., instituted a civil action against his father claiming damages for injuries received by the plaintiff when he fell from and was run over by a truck driven by the defendant, father. The complaint alleged that the injuries were received while working for the defendant and that they were a result of the negligent operation of the truck by the defendant. Plaintiff's father answered, denied that he was negligent, and pleaded parental immunity. Answers to interrogatories propounded by defendant disclosed that the plaintiff is the unemancipated minor child of defendant, lives at home with his parents, and is dependent upon them for support. The defendant moved for summary judgment on the ground of parental immunity. From an order granting defendant's motion for summary judgment, plaintiff appealed.

*Donald T. Robbins for plaintiff appellant.*

*Patrick, Harper & Dixon, by Charles D. Dixon, for defendant appellee.*

MORRIS, Judge.

Plaintiff's sole contention on appeal is that this Court should retroactively abrogate the doctrine of parental immunity in effect in this State at the time of the accident. In two recent cases we have addressed the contention that we should abrogate the doctrine of parental immunity, and in each case it was held that this Court "is bound by the rule heretofore announced and consistently followed by our Supreme Court. . .". *Evans v. Evans,* 12 N.C. App. 17, 18, 182 S.E. 2d 227, 228 (1971), *cert. den.* 279 N.C. 394, 183 S.E. 2d 242 (1971), *cert. den.* 405 U.S. 925, 30 L.Ed. 2d 797, 92 S.Ct. 972 (1972); *Mabry v. Bowen,* 14 N.C. App. 646, 188 S.E. 2d 651 (1972). Parental immunity from suit by a minor, unemancipated child has been the law in North Carolina since *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12 (1923). Parental immunity has also been held to extend to actions of the child against the parent arising from motor vehicle accidents. *Warren v. Long,* 264 N.C. 137, 141 S.E. 2d 9 (1965); *Skinner v. Whitley,* 281 N.C. 476, 189 S.E. 2d 230 (1972); *Morgan v. Johnson,* 24 N.C. App. 307, 210 S.E. 2d 503 (1974).

Appellant contends that we should join a minority of other jurisdictions and judicially restrict the application of the parental immunity doctrine. He cites cases from other jurisdictions that do

not apply the doctrine to cases involving a motor vehicle accident. *Smith v. Kauffman*, 212 Va. 181, 183 S.E. 2d 190 (1971). There is also authority which does not apply the doctrine to causes of action arising out of a dual relationship such as master and servant between a parent and child. *Teramano v. Teramano*, 6 Ohio St. 2d 117, 216 N.E. 2d 375 (1966). Other departures from the general rule are discussed with citations of authority listed in *Skinner v. Whitley, supra.* Our cataloging and discussing them here would serve no useful purpose.

As recently as 1972 our Supreme Court addressed a challenge to the parental immunity doctrine and reviewed the exceptions to the doctrine adopted judicially in other states, including the two exceptions that the plaintiff, appellant, would have us adopt. *Skinner v. Whitley*, supra. In refusing to allow the administrator of an unemancipated minor child to bring an action against the administrator of the father for the wrongful death of the child caused by the negligence of the deceased father, Justice Huskins, writing for the Court, stated:

> "Piecemeal abrogation of established law by judicial decree is, like partial amputation, ordinarily unwise and usually unsuccessful. . . .
>
> If the immunity rule in ordinary negligence cases is no longer suited to the times . . . we think innovation upon the established law in the field should be accomplished *prospectively* by legislation rather than *retroactively* by judicial decree." *Skinner v. Whitley*, supra at 484.

The Court, in refusing to adopt an exception to the immunity doctrine, reasoned that partial abrogation of the doctrine of parental immunity by judicial decree would create more problems and inequities than it would cure. This Court, as was the trial court, is bound by the rule consistently followed by the Supreme Court since *Small v. Morrison, supra,* and reiterated in *Skinner. Lehrer v. Manufacturing Co.*, 13 N.C. App. 412, 185 S.E. 2d 727 (1971).

Appellant also argues that the Legislature has recently restricted the immunity doctrine to allow suit between parent and child arising from a motor vehicle accident and that we should accelerate the effect of the statute to further the intent of the Legislature. The Legislature responded to the *Skinner v. Whitley* decision and limited the doctrine of parental immunity by enacting G.S. 1-539.21 which provides:

"The relationship of parent and child shall not bar the right of action by a minor child against a parent for personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent."

The Legislature also provided, however, that the law would apply prospectively to causes of action accruing on and after 1 October 1975. 1975 N.C. Session Laws, Chapter 685, § 2. The intent of the Legislature is clearly stated as to when the law should take effect. Since the cause of action in the instant case accrued on 1 September 1975, it is clear that the statute gives no right of action. The prior case law as discussed remains applicable and for the reasons stated, defendant's motion for a summary judgment was properly allowed.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.