DEBORAH MELISSA CHEEK CASSIDY v. ANNIE CAVINESS CHEEK AND CURTIS ASTOR MOORE

No. 8119SC946

(Filed 7 September 1982)

1. **Infants § 3; Parent and Child § 2.1 — parent-child immunity doctrine — child injured prior to 1 October 1975**

 Where plaintiff was injured while a passenger in a car driven by her mother on 22 September 1975, and there was no genuine issue regarding the material fact that plaintiff was an unemancipated minor at the time of her injury, the law is clear that at the time of the accident the suit was barred by the parent-child immunity doctrine since G.S. 1-539.21 (Cum. Supp. 1981), which abolished parent-child immunity in actions for personal injury arising out of the operation of a motor vehicle, applies to causes of action accruing on or after 1 October 1975.

2. **Rules of Civil Procedure §§ 37, 41 — action dismissed for failure to comply with discovery order — subsequent voluntary dismissal ineffective**

 Where on 18 July 1979, a judge ordered plaintiff to answer interrogatories and to produce documents within 30 days, and where on 14 December 1979 the plaintiff had failed to produce the documents as ordered and a court ordered that "if the plaintiff fails to produce . . . those documents . . . before January 7, 1980, then plaintiff's action shall be and the same will be

dismissed with prejudice . . ."; the documents were not filed before 7 January 1980 as requested; on 9 January 1980 plaintiff filed a notice of voluntary dismissal; and on 6 January 1981 she commenced a new action against defendant based on the same claim, the trial judge did not err in granting defendant's motion for summary judgment since when plaintiff filed her voluntary dismissal on 9 January 1980, her action had been dismissed; and the voluntary dismissal came too late.

APPEAL by plaintiff from *Wood, Judge.* Judgments entered 8 April 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 28 April 1982.

Plaintiff sued defendants, drivers of two cars involved in a collision in which she was injured. The trial court granted summary judgment in favor of both defendants and dismissed the actions against them with prejudice.

Plaintiff appeals.

*Ottway Burton, P.A., for plaintiff appellant.*

*Gavin and Pugh, by W. Ed Gavin, for defendant appellee Cheek.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by Richard L. Vanore, for defendant appellee Moore.*

WHICHARD, Judge.

### DEFENDANT CHEEK

[1] Plaintiff was injured while a passenger in a car driven by her mother, defendant Cheek. The accident occurred on 22 September 1975. G.S. 1-539.21 (Cum. Supp. 1981), which abolished parent-child immunity in actions for personal injury arising out of the operation of a motor vehicle, applies to causes of action accruing on and after 1 October 1975. An unemancipated minor child injured prior to 1 October 1975 by the ordinary negligence of its parent has no right of action against the parent. *E.g., Foster v. Foster,* 264 N.C. 694, 697, 142 S.E. 2d 638, 640 (1965); *Morgan v. Johnson,* 24 N.C. App. 307, 308, 210 S.E. 2d 503, 504 (1974).

In her motion for summary judgment defendant Cheek alleged that on 22 September 1975 "plaintiff was an unemancipated, 17 year old child living in the home of this defendant and subject

to this defendant's care and supervision." The record reveals no forecast of contrary evidence by plaintiff.

Summary judgment is properly granted where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). There is no genuine issue regarding the material fact that plaintiff was an unemancipated minor at the time of her injury, and the law is clear that at that time the suit was barred by the parent-child immunity doctrine. Summary judgment in favor of defendant Cheek was therefore proper.

### DEFENDANT MOORE

[2] Plaintiff originally sued defendant Moore on this claim in September 1978. On 23 March 1979 defendant Moore filed inter-rogatories and a request for production of certain documents. On 18 July 1979, upon motion by defendant Moore, Judge Brewer ordered plaintiff to answer the interrogatories and to produce the documents within thirty days. On 14 December 1979 Judge Davis found that plaintiff had failed to produce the requested documents as ordered. He ordered that "if the plaintiff fails to produce . . . those documents . . . before January 7, 1980, then plaintiff's action shall be and the same will be dismissed with prejudice . . . ." The documents were not filed "before January 7, 1980" as required by the order.

On 9 January 1980 plaintiff filed a notice of voluntary dismissal in the action. On 6 January 1981 she commenced a new action against defendant Moore based on the same claim. Judge Wood granted defendant Moore's motion for summary judgment and dismissed the action with prejudice.

Plaintiff contends that her voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1), was filed prior to entry of any judgment of involuntary dismissal with prejudice pursuant to the 14 December 1979 order, and thus was timely. She argues that Judge Wood therefore erred in dismissing with prejudice her new action based on the same claim commenced within one year after the dismissal. G.S. 1A-1, Rule 41(a)(1). We disagree, and according-ly affirm.

Judge Davis' 14 December 1979 order that if plaintiff failed to produce the requested documents as ordered the action "shall

be and the same will be dismissed with prejudice" was authorized by G.S. 1A-1, Rule 37, which establishes "dismissing the action . . . or any part thereof" as a permissible sanction if a party fails to obey an order to provide or permit discovery. Further, "as a general rule the court, in its discretion, may make a dismissal . . . conditional on plaintiff's noncompliance with the terms imposed by its order." 27 C.J.S., Dismissal & Nonsuit, § 74, pp. 475-76. Judge Davis, then, had discretionary authority to enter the order; and in view of plaintiff's dilatoriness and recalcitrance with regard to discovery requests and orders, entry thereof was not an abuse of discretion.

Subject only to the possibility of compliance by plaintiff "before January 7, 1980," Judge Davis' order effectuated a Rule 37 dismissal of the action. That plaintiff failed to comply with the order is clear. Thus, when plaintiff filed her voluntary dismissal on 9 January 1980, her action had been dismissed; and the voluntary dismissal came too late.

In view of Judge Davis' 14 December 1979 order requiring dismissal of the action upon plaintiff's noncompliance with the discovery order, and of plaintiff's noncompliance therewith, any action by Judge Wood other than dismissal with prejudice would have violated the "well settled [rule] that the findings and decisions of one superior court judge are not subject to review by another superior court judge." *Topping v. Board of Education,* 249 N.C. 291, 297, 106 S.E. 2d 502, 507 (1959). In view of plaintiff's conspicuous dilatoriness and recalcitrance in the discovery process, any other action would also have undermined effective implementation of Rule 37 sanctions in a situation which manifestly implored their imposition.

We hold the judgments properly entered, and they are accordingly

Affirmed.

Judges WEBB and WELLS concur.